GOLDBERG ET AL. v. THE STATE OF OHIO.

*Intoxicating liquors—Indictment sufficient to charge unlawful manufacture—Sections 6212-14, 6212-15 and 6212-17, General Code—Argument to jury—Characterization of instruments used in unlawful manufacture, not prejudicial, when.*

1. Indictment charging defendants with unlawfully making intoxicating liquor containing more than one-half of 1 per cent. alcohol is sufficient to admit proof of any kind of liquor mentioned in Section 6212-14, General Code, and to charge offense under Sections 6212-15 and 6212-17.

2. Where court promptly stopped counsel when he undertook to go outside record, and cautioned jury to decide case according to law and evidence, there was no prejudicial error in argument of counsel characterizing instruments used in manufacture of liquor for which defendants were prosecuted.

(Decided June 28, 1926.)

ERROR: Court of Appeals for Hamilton county.

*Mr. Charles H. Elston,* for plaintiffs in error.
*Mr. Charles S. Bell,* prosecuting attorney, and *Mr. Carl E. Basler,* for defendant in error.

CUSHING, J. Joseph Goldberg and Irving Dental were convicted in the court of common pleas on a charge of manufacturing intoxicating liquor, and this proceeding is prosecuted to reverse that judgment. It is claimed that the court erred in overruling a motion to quash the indictment; and misconduct of counsel for the state in his closing argument is charged.

The indictment charged that Goldberg and Dental "did then and there unlawfully and knowingly

make and manufacture certain intoxicating liquor, to wit, distilled liquor, containing more than one half of 1 per cent. of alcohol by volume, contrary to the form of the statute in such case made and provided,'' etc.

Section 6212-15, General Code, forbids the manufacture, sale, etc., of intoxicating liquor, except as provided in other sections of the General Code.

Section 6212-17 fixes the penalty.

Section 6212-14 provides that ''liquor,'' or the term ''intoxicating liquor,'' shall be construed to include alcohol, brandy, whisky, rum, gin, beer, ale, porter, wine, and other intoxicating beverages, containing more than the specified amount of alcohol by volume.

Under the indictment as here presented, the proof of manufacture of any of the liquor specified in the statute would clearly come within the definition of the term ''intoxicating liquor,'' and the court was not in error in overruling the motion to quash.

On the question of the misconduct of counsel, it is evident from the record that counsel did draw on his imagination in characterizing the instruments used in the manufacture of this liquor. When counsel undertook to go outside of the record, he was promptly stopped by the court, and the jury were cautioned to decide the case according to law and the evidence.

There was no prejudicial error in the argument of counsel.

*Judgment affirmed.*

BUCHWALTER, P. J., and HAMILTON, J., concur.