THE STATE OF OHIO, APPELLEE, *v.* HUGHLEY, APPELLANT.

78

(No. 3362—Decided December 31, 1984.)

*Dennis Watkins,* prosecuting attorney, and *Kenneth H. Inskeep,* for appellee.

*Daniel G. Keating,* for appellant.

FORD, J. On May 12, 1983, appellant, Amos Hughley, and an accomplice entered PJ's Lounge on High Street in Warren, Ohio. Wielding guns, appellant and his accomplice proceeded to rob the bartender and most of the customers. Again, on May 19, 1983, at 10:30 p.m., appellant and his accomplice entered the Chateau Lounge in Warren, Ohio. The two men entered the bar firing shots and yelling to the bartender and his customers to leave their money on the bar. As the bartender attempted to reach for his gun, appellant fired a shot striking a customer and injuring him. Appellant, with the aid of his accomplice, proceeded to rob the barmaid and the individual customers at the Chateau.

In May 1983, the Grand Jury of Trumbull County, Ohio indicted appellant on twenty counts of aggravated robbery in violation of R.C. 2911.01, and two counts of felonious assault in violation of R.C. 2903.11. The grand jury further found and specified, pursuant to R.C. 2941.141, that appellant had on his person and under his control a firearm. On November 14, 1983, after deliberation on the evidence, the jury returned guilty verdicts on twelve counts of aggravated robbery and one count of felonious assault. Appellant was found not guilty on the remaining counts.

The trial court then consecutively sentenced appellant, pursuant to R.C. 2929.71, to three years of actual incarceration for each of the firearm specifications to the thirteen convictions, for a total of thirty-nine years. This time was to be served before time could accrue on the remaining sentences. The trial court then sentenced appellant to indeterminate sentences on the actual felony convictions. Thus, appellant's total sentence was to be a term of thirty-nine years of actual incarceration, followed by an indeterminate term of thirty-three to one hundred and fifteen years.

Appellant has presented six assignments of error in his appeal:

"1. The trial court erred to the prejudice of defendant-appellant in im-

posing multiple punishments for a single act as prohibited by the Fifth and Fourteenth Amendments to the U.S. Constitution and Article I, Section 10 of the Ohio Constitution.

"2. The trial court erred to the prejudice of defendant-appellant in imposing consecutive three year terms of actual incarceration for each offense of which defendant-appellant was convicted.

"3. The trial court erred to the prejudice of defendant-appellant in entering judgments of conviction on the jury verdicts, as to counts One, Three, Four, Seven and Eleven as to the events of May 19, 1983, and as to counts Twelve through Fifteen, and Seventeen through Nineteen as to the events of May 12, 1983, where no separate animus existed for each of the counts.

"4. The trial court erred to the prejudice of defendant-appellant in admitting evidence of an additional undicted crime, contrary to Evidence Rule 404(B), and in failing to give a cautionary instruction to the jury.

"5. The trial court erred to the prejudice of defendant-appellant in overruling his motion to dismiss all counts of the indictment.

"6. The trial court erred to the prejudice of defendant-appellant in not declaring a mistrial based upon the prosecuting attorney's prejudicial and inflammatory remarks during closing arguments."

Appellant's first assignment of error contends that double jeopardy bars multiple punishments for a single criminal act. Appellant argues that aggravated robbery with a specification under R.C. 2941.141, *i.e.*, the offender had a firearm while committing the offense, constitutes a single, criminal violation. Likewise, felonious assault with a similar specification under R.C. 2941.141 is a singular act. Therefore, he concludes an additional term of incarceration pursuant to R.C. 2941.71 constitutes double jeopardy.

"* * * The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. * * *" *Blockburger* v. *United States* (1932), 284 U.S. 299, at 304.

The Supreme Court has qualified its position in *Blockburger, supra,* however, in subsequent cases.

"The *Blockburger* test is a 'rule of statutory construction,' and because it serves as a means of discerning congressional purpose the rule should not be controlling where, for example, there is a clear indication of contrary legislative intent. * * *" *Albernaz* v. *United States* (1981), 450 U.S. 333, 340. See, also, *Whalen* v. *United States* (1980), 445 U.S. 684.

In *Missouri* v. *Hunter* (1983), 459 U.S. 359, 368-369, the Supreme Court further expounded on the issue:

"Where, as here, a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the 'same' conduct under *Blockburger,* a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial."

R.C. 2929.71 specifically expresses the Ohio Legislature's position that cumulative punishment is intended.

"(A) The court shall impose a term of actual incarceration of three years *in addition to* imposing * * * an indefinite term of imprisonment * * * if both of the following apply:

"(1) The offender is convicted of * * * any felony * * *;

"(2) The offender is also convicted of * * * a specification charging him

with having a firearm on or about his person or under his control while committing the felony. * * *'' (Emphasis added.) R.C. 2929.71(A).

As there is a clear legislative intent to impose cumulative punishments when a felony offense is committed with a handgun, double jeopardy does not bar the additional three-year term of actual incarceration. *Albernaz, supra; Hunter, supra.* Appellant's first assignment of error is without merit.

Appellant's second assignment of error is well-taken. The trial court sentenced appellant to thirteen consecutive terms of three years of actual incarceration for each felony count on which appellant was convicted. However, R.C. 2929.71(B) expressly states an exception where there are multiple felony convictions:

"If an offender is convicted of, or pleads guilty to, two or more felonies and two or more specifications charging him with having a firearm on or about his person or under his control while committing the felonies, each of the three-year terms of actual incarceration imposed pursuant to this section shall be served consecutively with, and prior to the life sentences or indefinite terms of imprisonment imposed pursuant to section 2907.02, 2907.12, 2929.02, or 2929.11 of the Revised Code, unless any of the felonies were committed as part of the same act or transaction. *If any of the felonies were committed as part of the same act or transaction, only one three-year term of actual incarceration shall be imposed for those offenses,* which three-year term shall be served consecutively with, and prior to, the life sentences or indefinite terms of imprisonment imposed pursuant to section 2907.02, 2907.12, 2929.02, or 2929.11 of the Revised Code.'' (Emphasis added.)

A logical reading of the above statute would not permit an imposition of thirteen three-year terms of actual incarceration. For purposes of sentencing under R.C. 2929.71, the events of May 12, 1983, constitute one transaction; the occurrences of May 19, 1983, constitute a second transaction. Thus, the judgment of the trial court is remanded for sentencing appellant to two three-year terms of actual incarceration to be served consecutively and prior to the indefinite terms of imprisonment imposed.

In conjunction with the issue of sentencing, reference must be made to the consecutive terms of imprisonment rendered by the trial court. As the sentence is presently structured, appellant has been sentenced to a total minimum term of thirty-three years. However, consecutive terms of imprisonment cannot exceed an aggregate minimum term of fifteen years plus the sum of all three-year terms of actual incarceration imposed pursuant to R.C. 2929.71. R.C. 2929.41(E)(2). Thus, appellant's thirty-three year minimum term of imprisonment is actually limited to a twenty-one year minimum term sentence by virtue of R.C. 2929.41(E)(2). The trial court's sentence does not, however, constitute reversible error as R.C. 2929.41(E)(2), in our judgment, is self-executing and automatically operates to limit appellant's aggregate minimum term. *State* v. *Slider* (1980), 70 Ohio App. 2d 283, 288.

In the third assignment of error, appellant maintains he cannot be sentenced on all the counts of aggravated robbery, as each count constitutes an allied offense of similar import. R.C. 2941.25. The assignment of error is without merit.

"In order for there to be allied offenses of similar import (R.C. 2941.25), the trial court must determine that: (a) the prosecution has relied upon the same conduct to support both offenses; (b) the offenses and their elements correspond to such a degree that commission of one

of the offenses will result in the commission of the other; and (c) the commission of both offenses was motivated by the same purpose or animus." *State v. Brown* (1982), 7 Ohio App. 3d 113, paragraph three of the syllabus.

The prosecution did not rely on the same conduct to support each offense. It was proved at trial that the appellant robbed numerous individuals, not a single person or business establishment. Neither was each robbery motivated by the same animus. The Committee Comment to Am. Sub. H.B. No. 511, with respect to R.C. 2941.25, specifically deals with this issue:

"* * * [A] thief who commits theft on three separate occasions or steals different property from three separate victims in the space, say, of 5 minutes, can be charged with and convicted of all three thefts. In the first instance the same offense is committed three different times, and in the second instance the same offense is committed against three different victims, i.e. with a different animus as to each offense. * * *" See, also, *State v. La Salandra* (Nov. 15, 1976), Trumbull App. No. 2358, unreported.

Appellant can be charged and convicted for each offense, as the offenses were of dissimilar import and were committed with a separate animus as to each. R.C. 2941.25(B).

Appellant, in his fourth assignment of error, argues that the prosecutor's reference to appellant's pistol-whipping an individual on one of the nights in question was inadmissible evidence. Appellant complains that none of the exceptions in Evid. R. 404(B) was met; therefore, the statements were inadmissible.

"* * * The federal courts in construing Federal Rules of Evidence 403 and 404(b) have noted that '[t]he jury is entitled to know the "setting" of a case. It cannot be expected to make its decision in a void — without knowledge of the time, place and circumstances of the acts which form the basis of the charge.' * * * Further, it has been stated that:

" '* * * [E]vidence of other crimes may be presented when "they are so blended or connected with the one on trial as that proof of one incidentally involves the other; or explains the circumstances thereof; or tends logically to prove any element of the crime charged." ' * * *" (Citations and footnote omitted.) *State v. Wilkinson* (1980), 64 Ohio St. 2d 308 [18 O.O.3d 482], at 317.

The prosecution's explanation, in his opening remarks, did not constitute evidence of other crimes tending to prove the character of appellant as prohibited by Evid. R. 404(B). Thus, the comments were merely a recitation of the circumstances and setting of the case. *Id.* The assignment of error is without merit.

Appellant alleges in his fifth assignment of error that each count of the indictment does not clearly state the numerical designation of the statute with which appellant was charged. However, each count does contain the substantial language of the specific code section.

"In an indictment or information charging an offense, each count shall contain, and is sufficient if it contains in substance, a statement that the accused has committed some public offense therein specified. Such statement may be made in ordinary and concise language without any technical averments or any allegations not essential to be proved. It may be in the words of the section of the Revised Code describing the offense or declaring the matter charged to be a public offense, or any words sufficient to give the accused

notice of the offense of which he is charged." R.C. 2941.05.

Numerical designations do not have to immediately follow the charge in an indictment. The indictment in the instant case substantially complies with statutory requirements. Hence, appellant's assignment of error is without merit as he was clearly notified of the exact charges against him.

Finally, in his sixth assignment of error, appellant maintains that the prosecution made prejudicial remarks during his closing comments. Therefore, he concludes the court erred in not granting a mistrial. In a criminal case, if a prejudicial comment or misconduct occurs on the part of the prosecution, and immediate cautionary instructions are given, no prejudicial error is found. *Goldberg* v. *State* (1926), 24 Ohio App. 312; *State* v. *Auerbach* (1923), 108 Ohio St. 96. Cautionary instructions were given at the trial level:

"Mr. Leo Keating [defense counsel]: I've got to object to that Your Honor.

"The Court: Objection sustained. The jury is admonished to ignore the statement about truthfulness of either side, either side's attorney."

Appellant was given a fair and impartial trial, no substantial rights have been affected. The assignment of error must be overruled. Crim. R. 30(B) and 52(A).

On the basis of the foregoing analysis, assignments of error one, three, four, five and six are overruled. We, therefore, affirm the trial court's judgment with respect to these assigned errors. However, the second assignment of error is well-taken; therefore, we remand for purposes of resentencing in a manner consistent with this opinion.

*Judgment accordingly.*

COOK, P.J., and DAHLING, J., concur.