The STATE of Ohio, Appellee,

v.

ROBISON, Appellant.

[Cite as *State v. Robison* (1992), 83 Ohio App.3d 337.]

Court of Appeals of Ohio,
Trumbull County.

No. 92–T–4662.

Decided Oct. 26, 1992.

*Stanley Elkins,* Warren City Prosecutor, for appellee.

*Robert L. Johnson* and *Ohio Public Defender's Office,* for appellant.

CHRISTLEY, Presiding Judge.

This is an accelerated calendar case in which appellant, Robert Robison, is appealing his disorderly conduct conviction. A bench trial was held on January 10, 1992. The following evidence was presented at trial.

At approximately 3:00 a.m. on November 9, 1991, the police were summoned to 1217 Woodland, Warren, Ohio. Officer Dascoulias testified that when he arrived at that residence, a pregnant woman answered the door. The officer further testified that he had a discussion from the doorway with appellant at that time. Appellant refused to come outside the house with the officer. The officer testified that he asked appellant to step outside because there was a commotion occurring: the pregnant woman was telling the officer what was going on; the ex-wife was yelling; and the officer was trying to talk to appellant.

The officer also noted that he observed appellant carrying a knife in his back pocket. Appellant refused to come outside and ran into the living room while yelling obscenities at the officers present.

This situation illustrates the borderline situation which so frequently faces our policemen and women. It was a situation which clearly called for some type of intervention, but the question of what kind or how much is not so clear.

When appellant reentered the kitchen, Officer Dascoulias grabbed appellant, and a struggle ensued. Officer Dascoulias testified that he drew the knife out of appellant's back pocket. At that point, the officer told appellant that he was under arrest, and handcuffed him.

Officer Dascoulias' testimony and the confiscated knife were the only evidence offered by the state.

Appellant and his ex-wife testified on appellant's behalf.

Appellant was charged with violating Warren Codified Ordinance 509.03. The complaint specifically stated that appellant "did, recklessly, cause inconvenience, annoyance or alarm to another by threatening harm to persons or property, in violation of section 509.03 of the Warren Codified Ordinance. The said Robison did fail to desist after reasonable warning was given."

Although the complaint does not give a specific section of the ordinance under which appellant was charged, it is clear that he was charged under Section (a)(1), because the complaint repeats the language of that section. See *State v. Hughley* (1984), 20 Ohio App.3d 77, 82, 20 OBR 97, 102, 484 N.E.2d 758, 763.

Apparently, appellant was also charged with carrying a concealed weapon, because the transcript indicated that the trial judge found appellant not guilty of carrying a concealed weapon. Appellant was found guilty of disorderly conduct, and it is from this finding that appellant appealed. He alleges one assignment of error:

"The trial court erred to the prejudice of the defendant/appellant in finding the appellant guilty of disorderly conduct under the city of Warren Codified Ordinance 509.03, since the appellant's conviction was against the manifest weight of the evidence adduced at trial."

As previously stated, some police intervention seemed to be called for, the issue being whether the testimony supported the conviction for disorderly conduct.

Although worded as a manifest weight question, appellant is essentially challenging the sufficiency of the evidence.

*State v. Smith* (1991), 61 Ohio St.3d 284, 289, 574 N.E.2d 510, 515, states:

" 'A reviewing court will not reverse a * * * verdict where there is substantial evidence upon which [the trier of fact] could reasonably conclude that all the elements of an offense have been proven beyond a reasonable doubt.' *State v. Eley* (1978), 56 Ohio St.2d 169, 10 O.O.3d 340, 383 N.E.2d 132, syllabus." See, also, *Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560.

██ After reviewing the record, it becomes apparent that the prosecution did not prove each element beyond a reasonable doubt. No evidence was

presented regarding the element of "harm." Although the officer testified that an unidentified pregnant woman at the scene told him that appellant had struck her, that statement was inadmissible at trial to prove the truth of the matter asserted. Rather, it was introduced to tell the court why the officer proceeded without a warrant. While such evidence would certainly suffice for probable cause, something more is required for conviction.

■ Further, there was no testimony from the officer indicating that appellant threatened either him or the others. Although appellant cursed at the officers, "Mother fuckers have no right to come over here," this does not constitute threatening behavior under these circumstances. There was no testimony from the officer indicating that he felt threatened or alarmed by appellant's language. *Toledo v. Taylor* (July 13, 1990), Lucas App.No. L–89–307, unreported, at 3, 1990 WL 97689.

The officer testified that appellant never attempted to use the knife showing in his back pocket. In fact, appellant never took it from his back pocket. Appellant testified that he had the knife in his back pocket because he had just come back from raccoon hunting.

■ Moreover, under most circumstances, cursing at an officer does not in and of itself constitute disorderly conduct unless it was a situation where appellant's language was likely to incite violence or encourage disobedience to legitimate police orders. *State v. Dickey* (1991), 75 Ohio App.3d 628, 631, 600 N.E.2d 365, 366. That was not the situation here.

Since the prosecution failed to prove each element beyond a reasonable doubt, appellant's assignment has merit. The judgment of the trial court is reversed and judgment is entered for appellant.

*Judgment reversed.*

JOSEPH E. MAHONEY and NADER, JJ., concur.