DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-defendant Michael P. Ebersole appeals from his conviction in the Summit County Court of Common Pleas for failure to comply with a signal or order of a police officer. This Court affirms.
On September 15, 1998, the Summit County Grand Jury issued an indictment against Ebersole, charging him with one count of failure to comply with an order or signal of a police officer, one count of driving under the influence of alcohol or drugs, and one count of operating a motor vehicle without a valid operator's license. Ebersole pleaded not guilty to the charges against him and the matter proceeded to trial.
At trial, Ebersole moved to dismiss count one of the indictment, or, in the alternative, to amend the numerical designation of the crime charged in that count. Holding that count one of the indictment properly set forth the correct charge, the trial court overruled the motion. The jury subsequently returned a verdict of guilty on all three counts. Ebersole was then sentenced to six months imprisonment for failure to comply with a signal or order of a police officer, ninety days incarceration and a fine of $275 for driving under the influence of alcohol or drugs, and a fine of $250 for the no operator's license conviction.
Ebersole timely appeals, asserting one assignment of error:
 THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO DISMISS COUNT ONE OF THE INDICTMENT CHARGING APPELLANT WITH FAILURE TO COMPLY WITH SIGNAL OR ORDER OF A POLICE OFFICER AS A FELONY OF THE FOURTH DEGREE.
In connection with his sole assignment of error, Ebersole argues that, because count one of the indictment contained "conflicting language that might be construed as charging either a misdemeanor or a felony offense," the indictment failed to inform Ebersole of the nature of the offense charged. As a result, Ebersole contends, his conviction for failure to comply with an order or signal of a police officer should be reversed. This Court disagrees.
The crime of failure to comply with an order or signal of a police officer is set forth in R.C. 2921.331, which provides:
 (A) No person shall fail to comply with any lawful order or direction of any police officer invested with authority to direct, control, or regulate traffic.
 (B) No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring his motor vehicle to a stop.
 (C) Whoever violates this section is guilty of failure to comply with an order or signal of a police officer. A violation of division (A) of this section is a misdemeanor of the first degree. A violation of division (B) of this section is a misdemeanor of the first degree, except that a violation of division (B) of this section is a felony of the fourth degree if the jury or judge as trier of fact finds any one of the following by proof beyond a reasonable doubt:
* * *
 (3) The operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property.
Count one of the indictment against Ebersole stated:
 * * * Ebersole * * * did commit the crime of FAILURE TO COMPLY WITH ORDER OR SIGNAL OF POLICE OFFICER in that he did operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring his motor vehicle to a stop, and the operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property, in violation of Section 2921.331(A) of the Ohio
Revised Code, A FELONY OF THE FOURTH DEGREE, * * *.
Therefore, although the indictment reproduced in nearly exact language R.C. 2921.331(B) and (C)(3) and clearly specified that Ebersole was being charged with a felony of the fourth degree and not a misdemeanor of the first degree, the indictment also erroneously referenced R.C. 2921.331(A), the misdemeanor provision.
Such an error does not necessarily render the indictment fatally flawed. Rather, as this Court has previously explained, the purpose of an indictment is to provide the accused with sufficient notice of the offense, including the essential elements of the crime, with which that individual is charged. State v.Campbell (Dec. 11, 1985), Summit App. No. 12149, unreported. See, also, R.C. 2941.05. Each count of the indictment is therefore required to contain, "and is sufficient if it contains insubstance, a statement that the accused has committed some public offense therein specified." (Emphasis added.) R.C. 2941.05. Sufficiency does not demand perfection, however, as R.C. 2941.08
explains:
 An indictment * * * is not made invalid, and the trial, judgment, or other proceedings stayed, arrested, or affected:
* * *
 (K) For other defects or imperfections which do not tend to prejudice the substantial rights of the defendant upon the merits.
See, also, Crim.R. 7(B) ("Error in the numerical designation * * * shall not be ground for dismissal of the indictment * * *, or for reversal of a conviction, if the error or omission did not prejudicially mislead the defendant.").
Accordingly, in order for the error in the numerical designation in count one of the indictment to warrant reversal, Ebersole must demonstrate that he was prejudicially misled. A transcript of the proceedings below indicates that the following exchange took place between Ebersole's counsel and the court at Ebersole's December 10, 1998 trial:
 MR. TUROWSKI: Your honor, at this time I would ask the court — I would make a motion that the — that the failure to comply charge either be dismissed or at least amended. The indictment indicates 29 — violation of 2921.331, parentheses, capital A, close parentheses, failure to comply.
THE COURT: Yeah.
 MR. TUROWSKI: With the police, order of police officer, and it's listed as F4.
THE COURT: Right.
 MR. TUROWSKI: The code indicates, Your Honor, that that code section is the misdemeanor designation. Bring that up now —
THE COURT: Wording indicates a felony.
MR. TUROWSKI: Yes.
 THE COURT: The numbers are surplusage and they're not part of the indictment. Denied.
Nowhere in the foregoing exchange could it be said that counsel for Ebersole argued to the trial court that Ebersole had been prejudicially misled by the numerical misidentification. Instead, Ebersole's counsel even conceded that the wording of the indictment indicated a felony. While Ebersole alleges on appeal that the trial court declined to allow counsel to explain how Ebersole had been prejudicially misled, this Court does not perceive where any such argument was even attempted. The transcript further reveals that, at the conclusion of the defense's case, the trial court inquired as to whether Ebersole wished to make any motions. Counsel for Ebersole responded as follows:
 MR. TUROWSKI: We would simply move to reiterate the previously made motions, Your honor.
 The one matter which I would ask the court to consider is what we've discussed, is that I don't know that there has been competent testimony regarding the status of his operator's license regarding the no operator's charge. That's all. (Emphasis added.)
Therefore, although he had two distinct opportunities to do so, Ebersole failed to argue that he had been prejudicially misled by the numerical error in count one of the indictment. If Ebersole was confused by the numerical error, he could have — and should have — sought clarification prior to trial. See State v.Watson (July 24, 1996), Summit App. No. 17641, unreported, citingBarberton v. O'Connor (1985), 17 Ohio St.3d 218, 221-222. This Court cannot infer how the numerical misidentification of the correct subsection prejudicially misled Ebersole when the charge was correctly named in the indictment, the wording of the indictment duplicated the language of the correct statutory provisions nearly word for word, and the degree of the crime charged was correctly set forth in capital letters bestowing emphasis on the classification. See id.; State v. Rosak (Mar. 31, 1993), Summit App. No. 15851, unreported (holding that neither an indictment nor a sentencing entry that clearly referenced an incorrect subsection of a statute were misleading). See, also,State v. Bodine (July 27, 1990), Sandusky App. No. S-89-25, unreported (holding that an error in the designation of a statute number in an indictment did not mislead a defendant when the offense charged was named correctly and the description of the alleged offense was virtually identical to the wording of the correct statute); State v. Hughley (1984), 20 Ohio App.3d 77,81-82 (holding that an indictment that does not clearly set forth the statute's numerical designation substantially complies with statutory requirements when it contains the substantial language of a specific code section).
Ebersole's assignment of error is not well taken. The judgment of the court of common pleas is affirmed.
Judgment affirmed.
 KK The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
DONNA J. CARR FOR THE COURT WHITMORE, J.
BATCHELDER, J.
CONCUR