OPINION
This is an appeal from the Girard Municipal Court. Appellant, Samuel L. Reed, appeals the trial court's judgment entry denying his appeal of his administrative license suspension.
The record reveals that on April 5, 1999, appellant was issued a citation for traveling outside of the lanes of travel, in violation of R.C. 4511.25, and for operating a motor vehicle while under the influence of alcohol ("DUI"), in violation of R.C. 4511.19(A)(1). Appellant was deemed to have refused a Breathalyzer test, and his driver's license was suspended pursuant to an administrative license suspension ("ALS").[1]
At appellant's initial appearance on April 6, 1999, he entered a plea of not guilty. On June 22, 1999, appellant filed a motion to suppress all of the evidence resulting from his stop and arrest, which was overruled. A jury trial was held on March 29, 2000. In a judgment entry dated April 4, 2000, the trial court stated that the jury had returned a verdict of not guilty on the charge which alleged that appellant drove outside the lanes of travel. However, the jury was unable to arrive at a verdict on the charge of DUI. Thus, as to that charge, the trial court declared a mistrial.[2]
Thereafter, on July 6, 2000, appellant filed a motion to dismiss the DUI. He argued that the charge should be dismissed because the "acquittal of [him] on the Lanes of Travel charge has the effect of suppressing the reason for stopping [him] in the first place." Hence, he explained that "there was no probable cause to stop [him], and no reason to arrest him for [DUI]." A hearing on appellant's motion to dismiss was held on July 12, 2000, but the record does not appear to contain a ruling on that motion.
Appellant then filed a motion to vacate his ALS on July 26, 2000. He maintained that the acquittal of the lanes of travel charge had the effect of suppressing the reason for stopping him. Thus, there was no probable cause to stop him and no reason to arrest him or ask him to take the Breathalyzer test. He requested that his "[ALS] be vacated and that he be restored to full driving privileges." On July 28, 2000, the trial court issued a judgment entry denying appellant's request to vacate his ALS arising from his arrest on April 5, 1999. It is from that entry that appellant timely filed the instant appeal and now asserts the following single assignment of error:
 "The trial court erred in failing to grant [appellant's] motion to vacate his [ALS]."
In his sole assignment of error, appellant claims that the trial court erred in not granting his motion to vacate his ALS. Specifically, he requests that his refusal to take the Breathalyzer test which resulted in his ALS be "vacated and [his] license reinstated with the Bureau of Motor Vehicles." Appellant argues that since the jury did not convict him of the lanes violation, there was no probable cause to stop him and no basis to charge him with DUI.
Preliminarily, we note that appellant's argument regarding the reinstatement of his license is moot because his suspension was effective until April 5, 2001. Since it is past that date, appellant's license has already been reinstated, and that argument no longer needs to be addressed.
However, appellant also seems to be alleging that since he was acquitted of the lanes violation, there was no probable cause to stop him and no basis to charge him with DUI. Pursuant to R.C. 4511.191(H)(2): "* * * [if a] suspension was imposed * * *, any subsequent finding that the person is not guilty of the charge that resulted in the person being requested to take the chemical test * * * does not terminate or otherwise affect the suspension. * * *." Therefore, even though appellant was not convicted of violating the lanes of travel does not mean that the ALS should be terminated. An acquittal on the lanes violation does not mean that there was insufficient evidence to justify the initial stop of appellant's vehicle, which led to his arrest for DUI. Further, we note that an acquittal of the lanes violation does not establish a lack of probable cause. Probable cause may exist despite the fact that no crime actually occurred and even though the individual instituting the action lacked evidence that would ensure a conviction beyond a reasonable doubt. McFinley v. Bethesda Oak Hosp. (1992), 79 Ohio App.3d 613, 617;Deoma v. Shaker Hts. (1990), 68 Ohio App.3d 72, 77, citing Epling v.Express Co. (1977), 55 Ohio App.2d 59, 62. The proof of criminal conduct required for conviction beyond a reasonable doubt is substantially higher than the standard of probable cause required for a lawful arrest. Statev. Robison (1992), 83 Ohio App.3d 337, 340.
Moreover, an ALS imposed upon a defendant at the time of his arrest must be terminated if he is convicted and sentenced for DUI. State v.Gustafson (1996), 76 Ohio St.3d 425, paragraphs three, four, and five of the syllabus; Eastlake v. Huffman (Feb. 6, 1998), Lake App. No. 95-L-086, unreported, 1998 WL 172824, at 3. Here, appellant's ALS was not required to be terminated since he was not convicted or sentenced on the DUI charge.
For the foregoing reasons, appellant's assignment of error is not well-taken. The judgment of the Girard Municipal Court is affirmed.
 _____________________________________ JUDGE DONALD R. FORD
O'NEILL, P.J., CHRISTLEY, J. concur.
[1] According to the record, appellant's license was suspended from April 5, 1999 to April 5, 2001.
[2] In his brief, appellant states that the prosecutor moved to dismiss the DUI charge. However, we are unable to locate anything in the record before us which would support appellant's statement.