OPINION
{¶ 1} Chester Johnson ("appellant") appeals the May 18, 2001 judgment entry of the Ashtabula County Common Pleas Court. The trial court sentenced appellant to a maximum prison term of twelve-months after appellant was convicted of assaulting a corrections officer. For the foregoing reasons, we affirm the decision of the trial court in this matter.
 {¶ 2} On October 6, 2000, appellant, an inmate at the Lake Erie Correctional Institution, was found to be in possession of a piece of coaxial cable. Appellant's possession of the cable was in violation of the institutional rules. Once appellant was found to be concealing contraband, Officer Senskey, a security officer at the prison, attempted to perform a routine pat-down search of appellant. During the search, appellant became uncooperative and proceeded to take what was interpreted as a swing at Officer Senskey. As Officer Sensky tried to subdue appellant, they both fell to the ground. While on the ground, appellant grabbed Officer Senskey by the testicles and proceeded to squeeze them for at least one minute. With the assistance of several other officers, appellant was eventually handcuffed and taken away. Medical reports indicate that Officer Senskey suffered a crushed right testicle as a result of the incident.
 {¶ 3} On December 6, 2000, appellant was indicted by the Ashtabula County Grand Jury for Assault on a Corrections Officer, in violation of R.C. 2903.13, a felony of the fifth degree. Subsequently, a jury convicted appellant of assault on May 18, 2001. The trial court then sentenced appellant to a twelve-month term of incarceration. Additionally, the trial court found that the term was to run consecutive to the term appellant was serving at the time of the assault. This timely appeal followed, and appellant asserts five assignments of error for our review.
 {¶ 4} "[1.] Appellant's conviction is not supported by the manifest weight of the evidence.
 {¶ 5} "[2.] Appellant was tried, convicted, and sentenced on a felony based upon an indictment that was written as a misdemeanor.
 {¶ 6} "[3.] The trial court improperly instructed the jury below that an inmate had a duty to submit to authority.
 {¶ 7} "[4.] Appellant was given the maximum possible sentence for what he was found guilty of without a specific finding that he met one of the criteria that are set forth in revised code 2929.14(C).
 {¶ 8} "[5.] Appellant was given a sentence that was to run consecutively to a sentence that he is presently serving, without specific findings that are required by revised code 2929.14(E)(3)."
 {¶ 9} On its face, appellant's first assignment of error raises a manifest weight argument. However, appellant's argument actually raises a sufficiency issue for this court to consider. In his argument, appellant claims that no one testified that they saw appellant grab Officer Senskey's testicles. Appellant also posits alternative ways that Officer Senskey's testicles could have been damaged. Appellant did not put on a defense in this case. As a result, there is no contradicting evidence for this court to consider along the lines of a manifest weight argument. Appellant seems to be arguing that the state failed to prove an element of the offense of assault. As a result, we proceed with our analysis under a sufficiency standard.
 {¶ 10} Sufficiency of the evidence challenges "whether the prosecution has presented evidence on each element of the offense to allow the matter to go to the jury, while `manifest weight' contests the believability of the evidence presented." State v. Schlee (Dec. 23, 1994), 11th Dist. No. 93-L-082, 1994 Ohio App. LEXIS 5862. "The test for sufficiency of the evidence is whether after viewing the probative evidence and the inference drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all of the elements of the offense beyond a reasonable doubt." Id.
 {¶ 11} As previously mentioned, appellee presented uncontroverted testimony at trial that appellant had indeed refused to cooperate with Officer Senskey's pat-down search. The testimony also indicates that once appellant took a swing at Officer Senskey, Officer Senskey initiated a takedown of appellant. Furthermore, appellee presented uncontested evidence that once both appellant and Officer Senskey were on the ground, appellant grabbed Officer Senskey by the testicles causing severe pain and damage. Officer Senskey testified that: "While I was down on the ground with Mr. Johnson, he grabbed my testicles." When asked what kind of pain was involved, Officer Senskey testified: "Well I was in excruciating pain. * * * I can't describe it. It was just I became the fear, I was overcome by fear and pain, and it's just difficult to describe." Subsequently, the record indicates that fellow officers came to the aid of Officer Senskey in an attempt to facilitate appellant's release of Officer Senskey's testicles. When asked if he informed the other officers of what was going on, Officer Senskey replied: "Yes, ma'am. Yes, ma'am." Specifically, Officer Senskey stated that he informed the officers who subsequently had come to his aid that: "He's got my balls."
 {¶ 12} Following the testimony of Officer Senskey, Officers Orgel, Smith, and Jackson all testified that appellant was uncooperative and that they saw appellant take a swing at Officer Senskey. Furthermore, Officers Orgel, Smith, and Jackson all testified that, upon their arrival at the scene of the incident, Officer Senskey immediately informed them that appellant had indeed grabbed hold of his testicles and would not let go. In fact, the record indicates that appellant did not let go of Officer Sensky's testicles until another officer threatened him with pepper spray. Dr. Samuel Namey also testified that Officer Senskey was diagnosed and treated for a crushed right testicle following the incident.
 {¶ 13} Following appellee's presentation of its case in chief, the defense rested without presenting any witnesses or exhibits. As a result, the evidence presented by appellee is uncontroverted. Therefore, we hold that after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have determined beyond a reasonable doubt that appellant assaulted Officer Senskey. Appellant's first assignment of error is not well taken and is without merit.
 {¶ 14} Appellant argues in his second assignment of error that appellant's indictment "lacked sufficient language to have him tried and convicted of a felony." We do not agree.
 {¶ 15} Appellant was indicted under R.C. 2903.13 which states: "(A) No person shall knowingly cause or attempt to cause physical harm to another * * *. (C)(2) If the offense is committed in any of the following circumstances, assault is a felony of the fifth degree: (a) The offense occurs in or on the grounds of a state correctional institution * * *, the victim of the offense is an employee of the department of rehabilitation and correction, * * * and the offense is committed by a person incarcerated in the state correctional institution * * *."
 {¶ 16} Appellant's indictment provided in pertinent part: "On or about the 6th day of October, 2000, * * *, one CHESTER JOHNSON, did knowingly cause or attempt to cause physical harm to Corrections Officer Darrell Senskey of the Lake Erie Correctional Institution while CHESTER JOHNSON was incarcerated in a state correctional institution. This act, to-wit: Assault on a Corrections Officer, constitutes a felony of the fifth degree, contrary to and in violation of the Ohio Revised Code, Title 29 Section 2903.13; and against the peace and dignity of the State of Ohio." Furthermore, the title page of the indictment read: "INDICTMENT FOR: Assault on a Corrections Officer F-5."
 {¶ 17} The record indicates that appellant stipulated to the fact he was incarcerated at a state correctional institution at the time of the incident.
 {¶ 18} Appellant argues that the indictment failed to specify the elements necessary to elevate the crime from a misdemeanor to a felony. Appellant is incorrect in his assertion.
 {¶ 19} An indictment is sufficient if it contains, in substance, a statement that the accused has committed some public offense therein specified. R.C. 2941.05. Crim.R. 7 states that: "such statement may be made in ordinary and concise language without any technical averments or any allegations not essential to be proved. It may be in the words of the section of the Revised Code describing the offense or declaring the matter charged to be a public offense, or in any words sufficient to givethe accused notice of the offense which he is charged." (Emphasis added).
 {¶ 20} The indictment noted that appellant was charged with assaulting a corrections officer, both on the title page and in the main text of the indictment. Furthermore, the indictment noted that the Lake Erie Correctional Institution was a state correctional facility. The indictment properly cited R.C. 2903.13 and indicated that the crime was a felony of the fifth degree. Furthermore, any offense "that would be a crime if committed at a state correctional institution * * * shall be a crime if committed by or with regard to inmates at facilities operated pursuant to a contract entered into under R.C. 9.06." R.C. 9.06(G). Therefore, based on R.C. 9.06, the assault on Corrections Officer Senskey at the Lake Erie Correctional Institution was to be treated as an assault on a corrections officer of a state correctional facility.
 {¶ 21} An indictment need not pinpoint exact statutory subsections, or even cite the numerical designation of a statutory provision to be considered valid. State v. Yemma (Aug. 9, 1996), 11th Dist. No. 95-P-0156, 1996 Ohio App. LEXIS 3361; State v Hughley (1984),20 Ohio App.3d 77.
 {¶ 22} Based on the foregoing analysis, appellant has failed to show how the structure of the indictment was deficient. Appellant's second assignment of error is without merit.
 {¶ 23} In his third assignment of error, appellant argues that the trial court's jury instruction regarding self-defense was improper.
 {¶ 24} A court's instructions to the jury should be addressed to the actual issues in the case a posited by the evidence and the pleadings. State v. Guster (1981), 66 Ohio St.2d 266, 271. The decision to issue a jury instruction rests within the sound discretion of the trial court. State v. Huckabee (Mar. 9, 2001), 11th Dist. No. 99-G-2252, 2001 Ohio App. LEXIS 1122. Therefore, an appellate court will not reverse a trial court's decision to give a particular jury instruction absent an abuse of discretion. Id. An abuse of discretion "connotes more than an error of law or judgment; rather, it implies that the court's attitude was unreasonable, arbitrary, or capricious." State v. Montgomery (1990), Ohio St.3d 410, 413.
 {¶ 25} Specifically, appellant alleges that the trial court did not need to instruct the jury on the issue of self-defense. The record indicates that appellant's counsel raised the issue of self defense in his opening statement: "At one point, Chester had problems breathing, and that he reached ___, in effect he did what he could to prevent serious injury for himself and acted in self-defense." Tr. 413. Beyond that, appellant failed to present any evidence at trial to support his claim.
 {¶ 26} At the conclusion of trial, the trial court issued the following instruction to the jury: "This Court has determined as a matter of law that you were [sic] not to consider the issue of self-defense, and you are instructed that a corrections officer has lawful authority to detain and search a prison inmate to determine whether they are in possession of weapons or other contraband. The prison inmate does not have the legal right to resist a lawful detention and search, and the corrections officer has no duty to retreat or desist from such efforts to make a lawful detention and search because of resistance. Corrections officers in the performance of their duties may lawfully use such force as is reasonable and necessary under the circumstances to the effect a detention and search for weapons or other contraband."
 {¶ 27} Appellant raised the issue of self-defense in his opening statement. Appellant then did not present any evidence to support the self-defense argument, or any other argument for that matter, at trial. In an effort to prevent the jury from considering an issue on which no evidence was presented, the trial court issued the above mentioned jury instruction. We hold that the trial court did not abuse its discretion when it instructed the jury to disregard the issue of self-defense. We also hold that the trial court's statements pertaining to the procedures used by Officer Senskey were appropriate and accurate statements of the law. See, State v. Spirko (1991), 59 Ohio St.3d 1; Thomas v. Ohio Dept.of Rehab. and Corr. (1988), 48 Ohio App.3d 86; OAC 5120-9-01(E).
 {¶ 28} Appellant's third assignment of error is not well taken and is without merit.
 {¶ 29} Appellant argues in his fourth assignment of error that the trial court, in imposing the maximum sentence on appellant, failed to make the specific findings required by R.C. 2929.14(C). We again disagree with appellant.
 {¶ 30} In accordance with R.C. 2953.08, our review of a felony sentence is de novo. State v. Raphael (Mar. 24, 2000), 11th Dist. No. 98-L-262, 2000 Ohio App. LEXIS 1200 at 2. However, this court will not disturb appellant's sentence unless we find, by clear and convincing evidence, that the record does not support the sentence or that the sentence is otherwise contrary to law. State v. Thomas (July 16, 1999), 11th Dist. No. 98-L-074, 1999 Ohio App. LEXIS 3334, at 4, quoting Statev. Rose (Sept. 15, 1997), 12th Dist. No. CA96-11-106, 1997 Ohio App. LEXIS 4161, at 5. Clear and convincing evidence is that evidence which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. Thomas, supra.
 {¶ 31} A trial court may impose the maximum authorized prison term "only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain drug offenders, and upon certain repeat violent offenders." R.C. 2929.14(C); State v. Edmonson (1999), 86 Ohio St.3d 324.
 {¶ 32} When imposing a maximum sentence based on one of the four criteria found in R.C. 2929.14(C), R.C. 2929.19(B)(2)(d) "requires a trial court `to make a finding on the record, giving its reasons for selecting the sentence imposed if the sentence is for one offense and is the maximum term allowed for that offense." (Emphasis omitted.)Edmonson, supra, at 328, quoting R.C. 2929.19(B)(2)(d).
 {¶ 33} As a result, this court has held that the findings mandated by R.C. 2929.14(C) must appear somewhere on the record, whether it be the judgment entry, the transcript of the sentencing hearing, or somewhere on the record of the sentencing exercise. State v. Wilson (June 23, 2000), 11th Dist. No. 99-L-026, 2000 Ohio App. LEXIS 2766, at 2. A sentence that merely recites the language of R.C. 2929.14(C) without any consideration of the statutorily relevant factors is insufficient. State v. Kase
(Sept. 25, 1998), 11th Dist. No. 97-A-0083, 1998 Ohio App. LEXIS 4498, at 2. For meaningful review, the record must contain some indication, by use of specific operative facts, that the sentencing court considered the statutory factors in reaching its determination. Id.
 {¶ 34} The record indicates that the trial court did indeed satisfy the requirements of R.C. 2929.14(C), when it stated in its judgment entry: "The Court finds for the reasons stated on the record that the longest term should be imposed because the defendant committed the worst form of the offense and he poses the greatest likelihood of committing future crimes." However, appellant argues that the trial court failed to give specific reasons as required by R.C. 2929.19(B)(2)(d). Appellant is incorrect in his assertion.
 {¶ 35} On the record at the sentencing hearing, the trial court stated the following reasons for imposing the maximum sentence: "I was advised by the probation department that in '79 you were convicted of Aggravated Burglary; in '85, Aggravated Burglary; and in '92, Felonious Sexual Penetration. * * *, you do pose the greatest likelihood of committing future crimes." As to the worst form of the offense, the trial court found: "* * * Dr. Namey's testimony what he was concerned about is you could have sterilized the man. * * * the Court finds that you squeezed the testicles for a period, I'll say in excess of a minute. * * * Senskey was gasping, couldn't breathe, he couldn't talk, when it was finally over he couldn't walk. * * * Although this was a lower level assault, it's a serious assault in that attempting to injure the testicles of a male human being causes excruciating pain, and because of the length of the period of the squeeze * * *."
 {¶ 36} Based on the record before us, we hold that the trial court listed the factors required by R.C. 2929.14(C) and supported those factors with valid, fact-based, reasons as required by R.C.2929.19(B)(2)(d). Therefore, appellant's fourth assignment of error is without merit.
 {¶ 37} In his fifth and final assignment of error, appellant argues that the trial court failed to make the specific findings required by R.C. 2929.14(E)(4) in finding that appellant's sentence is to be served consecutively.
 {¶ 38} Before a trial court may impose consecutive sentences, it must make the findings contained in R.C. 2929.14(E)(4) on the record.State v. Norwood (June 8, 2001), 11th Dist. No. 2000-L-072, 2001 Ohio App. LEXIS 2573. First, the trial court must determine that consecutive sentences are "necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public[.]" R.C. 2929.14(E)(4). Second, the trial court must find that one of the additional factors in R.C.2929.14(E)(4) is also present: (a) that the offender committed the multiple offenses while he/she was awaiting trial or sentencing or was under community control sanctions; (b) that the harm caused by the offenses was so great, that a single prison term would not adequately reflect the severity of the conduct; or (c) that the offender's prior criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime. Norwood, supra, at 4.
 {¶ 39} Furthermore, R.C. 2929.19(B)(2)(c) states that the trial court is to justify its imposition of consecutive sentences under R.C.2929.14 on the record by "stating its reasons for imposing the consecutive sentences." State v. Fitzpatrick (Mar. 15, 2002), 11th Dist. No. 2001-L-017, 2002 Ohio App. LEXIS 1207.
 {¶ 40} After a thorough review of the record, we hold that the trial court satisfied the requirements of R.C. 2929.14(E)(4) and R.C.2929.19(B)(2)(c). Specifically, the trial court stated in its judgment entry that: "The Court also finds for the reasons stated on the record that consecutive terms should be imposed because it is necessary to protect the public and punish the defendant. Consecutive sentences are not disproportionate to the conduct of the defendant and to the danger he poses to the public. * * *, the harm he caused was so great that a single term does not adequately reflect the seriousness of the conduct and consecutive terms are necessary to protect the public."
 {¶ 41} Furthermore, the trial court stated that: "If the Court were to impose a concurrent sentence, in effect there would be no punishment at all. * * *. You just go back to prison, do the time you're already committed to do, and there would be no punishment. * * *. So consecutive sentences are necessary to punish the offender * * *." We have already discussed the trial court's approach to the seriousness of the offense in our analysis of the fourth assignment of error. Therefore, we hold that the trial court satisfied the requirement for imposing a consecutive sentence under R.C 2929.14(E)(4). Appellant's fifth assignment of error is without merit.
 {¶ 42} For the foregoing reasons, we hold that appellant's first, second, third, fourth, and fifth assignments of error are not well taken and without merit. The decision of the Ashtabula County Common Pleas Court is hereby affirmed.
WILLIAM M. O'NEILL, P.J., DONALD R. FORD, J., concur.