[Cite as *State v. May*, 2014-Ohio-4286.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2012-L-135** |
| LESEAN J. MAY, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 10 CR 000034.

Judgment: Affirmed.

*Charles E. Coulson,* Lake County Prosecutor, and *Teri R. Daniel,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077. (For Plaintiff-Appellee).

*Nancy B. Robison,* 7220 S. Holmes Place, Painesville, OH 44077. (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, LeSean J. May, appeals from the judgment of the Lake County Court of Common Pleas, resentencing him pursuant to a remand order from this court regarding merger. For the reasons discussed in this opinion, we affirm the trial court.

{¶2} Appellant was convicted and sentenced pursuant to his guilty plea to burglary, aggravated robbery, robbery, and kidnapping. The facts from the indictment and change of plea hearing reveal that, on December 24, 2009, Jason Rivers went into

the Advance America Cash Advance in Madison Township to repay a loan. Two cashiers were working behind the counter. After Rivers laid his cash on the counter, appellant, with his sweatshirt hood over his head, walked into the store, pulled out a gun, and pointed it at Rivers' head, demanding the money. According to Rivers, appellant threatened to "blow his head off" if he moved.

{¶3} Unbeknownst to appellant, Rivers was an off-duty police officer trained in martial arts. Rivers engaged in a struggle with appellant. Appellant fled on foot and entered into a car, occupied by friends, that was waiting in a nearby parking lot. A passerby noted the vehicle's license plate number and provided it to the police. The police eventually stopped the car and apprehended appellant. Inside the vehicle, police found a pair of Timberland boots that matched the footprints in the snow at the crime scene, as well as the hooded jacket appellant had worn. Appellant later admitted to a detective that he brought a gun inside the check-cashing store and told the people inside not to move.

{¶4} Appellant was indicted on the following 12 counts: one count of burglary, a felony of the second degree in violation of R.C. 2911.12(A)(1); three counts of aggravated robbery, a felony of the first degree in violation of R.C. 2911.01(A)(1); three counts of robbery, a second degree felony in violation of R.C. 2911.02(A); three counts of robbery, a second degree felony in violation of R.C. 2911.02(A)(2); one count of kidnapping, a felony of the first degree in violation of R.C. 2905.01(A)(2); and one count of possessing a defaced gun, a misdemeanor of the first degree in violation of R.C. 2923.201(A)(2). The first eleven counts of the indictment were accompanied with a repeat violent offender specification because of appellant's 2004 conviction of aggravated robbery.

2

{¶5} Appellant initially pleaded not guilty to all charges. Appellant later accepted a plea bargain, however. Under the written plea agreement, appellant pleaded guilty to the eleven felony counts in the indictment and the accompanying repeat violent offender specification. The court entered a nolle prosequi on the count of possession of a defaced gun at the state's request, and ordered a presentence report prior to sentencing.

{¶6} On May 26, 2010, the trial court sentenced appellant to six years for burglary and three, concurrent terms of eight years for the three counts of aggravated robbery. The court ordered the three aggravated robbery counts to be served consecutively to the burglary count, but merged the six robbery counts into the three aggravated robbery counts. The court also sentenced appellant to eight years for kidnapping, to run concurrently with the 14-year term for the burglary and aggravated robbery counts.

{¶7} Appellant appealed his conviction to this court. And, in *State v. May*, 11th Dist. Lake No. 2010-L-131, 2011-Ohio-5233, this court affirmed appellant's conviction in part, reversed in part, and remanded the matter for the trial court to conduct a further merger analysis pursuant to *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314.

{¶8} Pursuant to this court's remand order, the trial court held a resentencing hearing. The court concluded that count one (burglary) merged with count two (aggravated robbery); counts five through 10 (robberies) and count 11 (kidnapping) merge with counts two through four (aggravated robberies); and the RVO specification remained unchanged. The court then sentenced appellant to six years in prison on count two (aggravated robbery); four years on count three (aggravated robbery); and

3

four years on count four (aggravated robbery), to be served consecutively for a total of 14 years imprisonment. Appellant now appeals.

{¶9} Appellant's sole assignment of error provides:

{¶10} "The trial court erred to the prejudice of the defendant-appellant when it failed to establish and analyze the facts using the *Johnson* case as mandated by the Court of appeals and failed to merge his convictions for aggravated robbery in violation of the defendant-appellant's against his rights under the double jeopardy under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution." (Sic.)

{¶11} An appellate court's review of an allied offenses question is de novo. *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, ¶12. R.C. 2941.25 codifies the Double Jeopardy protections of the Fifth Amendment of the United States Constitution and Section 10, Art. I of the Ohio Constitution, which prohibit multiple punishments for the same offense. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶23. R.C. 2941.25 embodies this principle through application of the judicial doctrine of merger. *Williams*, *supra*, at ¶13. Merger is "the penal philosophy that a major crime often includes as inherent therein the component elements of other crimes and that these component elements, in legal effect, are merged in the major crime." *State v. Botta*, 27 Ohio St.2d 196, 201 (1971).

{¶12} R.C. 2941.25 provides:

{¶13} (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

4

**{¶14}** (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

**{¶15}** In *Johnson, supra*, the Supreme Court of Ohio construed R.C. 2941.25(A). In doing so, the court observed:

**{¶16}** In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), the question is whether it is possible to commit one offense *and* commit the other with the same conduct, not whether it is possible to commit one *without* committing the other. [*State v.*] *Blankenship*, 38 Ohio St.3d [116,] 119 [(1988)], (Whiteside, J., concurring) ("It is not necessary that both crimes are always committed by the same conduct but, rather, it is sufficient if both offenses *can be* committed by the same conduct. It is a matter of possibility, rather than certainty, that the same conduct will constitute commission of both offenses." [Emphasis sic]). If the offenses correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other, then the offenses are of similar import.

**{¶17}** If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., 'a single act, committed with a

5

single state of mind.' [*State v.*] *Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, ¶50. (Lanzinger, J., dissenting).

**{¶18}** If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged.

**{¶19}** Conversely, if the court determines that the commission of one offense will *never* result in the commission of the other, or if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge. *Johnson* at ¶48-51.

**{¶20}** As a result of his plea of guilty, appellant was convicted of three counts of aggravated robbery, in violation of R.C. 2911.01(A)(1), which provides:

**{¶21}** (A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:

**{¶22}** (1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it;

**{¶23}** Here, the offenses of aggravated robbery were committed with the same conduct. Consequently, the issue under these facts, is whether appellant's crimes were committed separately thereby providing legal justification for the court's conclusion that they should not merge.

**{¶24}** The record demonstrates that appellant entered the Advance America Cash Advance, which was occupied by two female cashiers and a male customer.

6

According to the cashiers, who were interviewed independently, appellant brandished a firearm and announced: "Nobody move." Appellant then placed the weapon to the male victim's head and declared "If you fucking move I'll blow your fucking head * * *." Appellant was unable to complete the threat because the male victim disarmed him and appellant fled. Finally, appellant conceded during a police interview he entered the business, demanded money, and told the individuals not to move.

{¶25} The facts of this case demonstrate that appellant entered the establishment with the intent of committing a theft offense. He brandished a weapon in the presence of each victim, and indicated an intention to use that weapon on each discrete person. Appellant therefore committed three offenses of the same kind separately against three individual victims. Thus, the trial court did not err in finding the aggravated robbery convictions did not merge.

{¶26} Appellant's assignment of error is without merit.

{¶27} For the reasons discussed in the foregoing opinion, the judgment of the Lake County Court of Common Pleas is affirmed.

THOMAS R. WRIGHT, J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

_____

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

{¶28} Based on the facts of this case, the three offenses of aggravated robbery are allied offenses of similar import, were committed with the same animus, and should have been merged at sentencing. Therefore I respectfully dissent.

7

{¶29} The foundation of R.C. 2941.25 is merger: that a major crime often includes the elements of other crimes that are essentially merged into the major crime. *Williams*, *supra* at ¶13.   R.C. 2941.25 states:

{¶30} "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

{¶31} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

{¶32} "R.C. 2941.25(A) clearly provides that there may be only *one conviction* for allied offenses of similar import.  Because a defendant may be convicted of only one offense for such conduct, the defendant may be sentenced for only one offense.  * * * [A]llied offenses of similar import are to be merged at sentencing.  *See State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, * * * ¶43; *State v. McGuire* (1997), 80 Ohio St.3d 390, 399 * * *.  Thus, a trial court is prohibited from imposing individual sentences for counts that constitute allied offenses of similar import.  * * * Both R.C. 2941.25 and the Double Jeopardy Clause prohibit multiple convictions for the same conduct.  For this reason, a trial court is required to merge allied offenses of similar import at sentencing." *Underwood, supra,* at ¶26-27.  (Emphasis sic.) (Parallel citations omitted.)

{¶33} "Under Crim.R. 52(B), '(p)lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.'  * * * [I]mposition of multiple sentences for allied offenses of similar import is plain error.

8

*State v. Yarbrough*, 104 Ohio St.3d 1, 2004-Ohio-6087 * * * ¶96-102." *Underwood, supra,* at ¶31. (Parallel citation omitted.) "A defendant's plea to multiple counts does not affect the court's duty to merge those allied counts at sentencing. This duty is mandatory, not discretionary." *Id.* at ¶26.

**{¶34}** By way of a brief history, the method employed by courts in determining whether two crimes constitute allied offenses of similar import has evolved. In *State v. Rance*, 85 Ohio St.3d 632 (1999), the Supreme Court of Ohio held that "[u]nder an R.C. 2941.25(A) analysis, the statutorily defined elements of offenses that are claimed to be of similar import are compared *in the abstract.*" *Id.*, paragraph one of the syllabus. (Emphasis sic.) Since its release, *Rance* has gone through various modifications and revisions. *See State v. Cabrales*, 118 Ohio St.3d 54, 2008-Ohio-1625; *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569; *State v. Winn*, 121 Ohio St.3d 413, 2009-Ohio-1059.

**{¶35}** The Supreme Court of Ohio revisited the allied offenses analysis again in 2010 and overruled *Rance* in *Johnson*. Under the new analysis, which this court later relied upon and embraced in appellant's direct appeal, *May*, *supra*, "[w]hen determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered." *Johnson*, *supra,* at the syllabus. The *Johnson* court provided the new analysis as follows:

**{¶36}** "In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), the question is whether it is possible to commit one offense *and* commit the other with the same conduct, not whether it is possible to commit one *without* committing the other. * * * If the offenses correspond to such a degree that the

9

conduct of the defendant constituting commission of one offense constitutes commission of the other, then the offenses are of similar import.

{¶37} "If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., 'a single act, committed with a single state of mind.' * * *.

{¶38} "If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged.

{¶39} "Conversely, if the court determines that the commission of one offense will *never* result in the commission of the other, or if the offenses are committed separately, or if the defendant has [a] separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge." *Id.* at ¶48-51. (Citations omitted.) (Emphasis sic.)

{¶40} This court went on to state in *May, supra,* at ¶50-51:

{¶41} "'In departing from the former test, the court developed a new, more context-based test for analyzing whether two offenses are allied thereby necessitating a merger. In doing so, the court focused upon the unambiguous language of R.C. 2941.25, requiring the allied-offense analysis to center upon the defendant's conduct, rather than the elements of the crimes which are charged as a result of the defendant's conduct.'" [*State v.*] *Miller* [,11th Dist. Portage No. 2009-P-0090, 2011-Ohio-1161,] at ¶47, citing *Johnson* at ¶48-52.

{¶42} "'The (*Johnson*) court acknowledged the results of the above analysis will vary on a case-by-case basis. Hence, while two crimes in one case may merge, the same crimes in another may not. Given the statutory language, however, this is not a problem. The court observed that inconsistencies in outcome are both necessary and

permissible "(* * *) given that the statute instructs courts to examine a defendant's conduct – an inherently subjective determination."' *Miller* at ¶52, quoting *Johnson* at ¶52."

**{¶43}** Applying *Johnson*, it is possible to commit one offense of aggravated robbery and commit another with the same conduct. Again, under R.C. 2941.25, Ohio's multiple-count statute, if a defendant's conduct results in allied offenses of similar import, the defendant may ordinarily be convicted of only one of the offenses. R.C. 2941.25(A). However, if the defendant commits each offense separately or with a separate animus, then convictions may be entered for both offenses. R.C. 2941.25(B).

**{¶44}** Although it is possible to commit one offense of aggravated robbery and commit another with the same conduct, our treatment of appellant's argument is not over. The specific facts of this case must be reviewed to determine whether appellant committed the charged offenses separately or with a separate animus so as to permit multiple punishments.

**{¶45}** The majority states that appellant committed three offenses of the same kind separately against three individual victims – which therefore constitutes three separate criminal acts. As note by the majority, the male customer went into the check cashing store to repay a loan and two cashiers were working behind the counter. Appellant walked into the store, pulled out a gun, and pointed it at the male customer's head, demanding the cash. A struggle ensued between the male customer and appellant. Appellant fled on foot and was later apprehended by the police.

**{¶46}** The general rule is that when two allied offenses are committed against two or more victims, the defendant may be sentenced for two or more crimes. *State v. Fields*, 97 Ohio App.3d 337, 346 (1st Dist.1994). This same argument was made by the

11

prosecutor at sentencing and in the state's appellate brief. The prosecutor cites *State v. Raheem*, 1st Dist. Hamilton No. C-970928, 1998 Ohio App. LEXIS 4279 (Sept. 18, 1998) for the proposition that when the offenses involve different victims, separate sentences do not violate the defendant's double jeopardy rights.

{¶47} However, a rigid application of this "general rule" can lead to inequitable or even absurd results. If appellant had encountered nine people at the store that day instead of three, would the trial court have been compelled to impose a sentence of 42 years instead of fourteen? To that end we should consider the holding of the First District Court of Appeals wherein they stated:

{¶48} "To extend this analysis to every multiple-victim/multiple-crimes case would be to adopt a bright-line rule that allied offenses affecting separate victims, regardless of the defendant's conduct, are not subject to merger and can always be punished separately. This bright-line rule would run afoul of supreme court case law and of the very text of R.C. 2941.25, which 'itself instructs us to look at the defendant's conduct when evaluating whether his offenses are allied.' *Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, at ¶42. In *Johnson*, the court cautioned against tests that 'instruct us to jump immediately' to conclusions based upon solely abstract or formulaic assumptions. *Id.* It acknowledged that 'this analysis may be sometimes difficult to perform and may result in varying results for the same set of offenses in different cases. But different results are permissible, given that the statute instructs courts to examine a defendant's conduct - an inherently subjective determination.' *Id.* at ¶52. As one appellate court has noted, '*Johnson* ushered in a new era where trial courts are always required to delve into the factual underpinnings of the case in order to resolve (this) issue, akin to the factual inquiries required under *State v. Logan* * * *.' *State v. Baker*,

12

8th Dist. No. 97139, 2012-Ohio-1833, ¶13. We do not believe the General Assembly or the supreme court intended our conduct-based inquiry to begin and end by counting the number of victims." *State v. Anderson*, 1st Dist. Hamilton No. C-110029, 2012-Ohio-3347, ¶37. (Parallel citations omitted.)

**{¶49}** Additionally, the *Raheem* case cited by the Prosecutor states that "…when a defendant enters a business, announces a robbery, and takes property from more than one patron, a separate animus exists for each victim." *Raheem*, *supra* at *10-11, citing *State v. Hughley*, 20 Ohio App.3d 77 (11th Dist.1984) (separate convictions proper as to each patron robbed in a saloon).

**{¶50}** However, in this case appellant's robbery attempt was interrupted by the male customer, an off-duty police officer. After a brief struggle with the male customer, appellant fled the building: he took no property from the employees, the male customer or the store itself.

**{¶51}** *Johnson* instructs us that "[i]f the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., 'a single act, committed with a single state of mind.'" * * * *Johnson*, *supra* ¶49. When the prosecutor relies upon the same conduct to prove more than one offense, and the offenses were not committed separately nor with separate animus, the trial court errs by imposing separate sentences for the offenses. *Id.* at ¶56; R.C. 2941.25(A).

**{¶52}** Several courts have held that in cases where a robbery takes place at a business, but the offender does not rob the customers, multiple charges can be merged for purposes of sentencing. *Anderson, supra* at ¶24 (the offenses were not committed separately as the record does not reflect a temporal or spatial separateness in the

13

offenses); *State v. Bridgeman,* 2d Dist. Champaign No. 2010 CA 16, 2011-Ohio 2680, ¶54 (all of the charges stem from a single course of conduct with a single state of mind – entering the bank to conduct a robbery). In *State v. Howard* the defendant robbed a flower store while two employees were present. Howard was convicted of three counts of robbery and ordered to serve all three sentences consecutively. The First District Court of Appeals held that because Howard did not steal from the employees, there was only one theft. Finding that Howard's "sole animus was to steal money from the flower store" the appellate court held that his convictions should have been merged at sentencing. *State v. Howard,* 1st Dist. Hamilton No. C-020389, 2003-Ohio-1365, ¶15.

**{¶53}** And recently, the Eighth District Court of Appeals merged multiple charges of kidnapping, aggravated robbery, robbery and felonious assault involving four separate victims, stating that the crimes were committed through a single course of conduct with a single state of mind. *State v. Adkins,* 8th Dist. Cuyahoga No. 95279, 2011-Ohio-5149, ¶35.

**{¶54}** The trial court must review the entire record at sentencing to determine whether the offenses were committed separately or with a separate animus. *State v. Washington,* 137 Ohio St.3d 427, 2013-Ohio-4982 at the syllabus. A review of the arguments offered by the prosecution, the pre-sentence investigation and victim's statements do not demonstrate that appellant intended to rob any of the individuals in the store. No evidence of a separate animus towards the employees or the male customer exists in the record. The majority is essentially holding that the presence of the male customer and the two store employees - alone - is sufficient for the trial court to sentence appellant on three counts of aggravated robbery.

**{¶55}** As the prosecution relied on the same conduct to support the charges involving all three victims, we must determine whether appellant's offenses were committed by the same conduct, i.e., "a single act, committed with a single state of mind." *Johnson*, *supra* ¶49; *Hughley*, *supra,* at 81.

**{¶56}** The manner of appellant's actions supports a single "purpose" that should lead to merger, as the evidence reveals that appellant sought to obtain money from the from the cash advance store through a robbery, irrespective of how many individuals were actually present in the store.

**{¶57}** The record establishes that appellant evidenced the same animus in committing these offenses. Looking to appellant's conduct, this was a single act with a single state of mind. The test under *Johnson* is not whether the elements line up, which is the essence of the *Rance* analysis. Rather, the test is whether the crimes were committed by the same conduct and with the same animus. In this case, they were.

**{¶58}** "'[T]he purpose of R.C. 2941.25 is to prevent shotgun convictions, that is, multiple findings of guilt and corresponding punishments heaped on a defendant for closely related offenses arising from the same occurrence.'" *State v. Helms*, 7th Dist. No. 08 MA 199, 2012-Ohio-1147, ¶68, quoting *Johnson, supra,* at ¶43, citing *Maumee v. Geiger*, 45 Ohio St.2d 238, 242 (1976). In this case, multiple sentences have been improperly "heaped" on appellant, pursuant to the principles and purposes of sentencing under R.C. 2929.11, which under H.B. 86 now provides: "[t]he overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender *using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources.*" R.C. 2929.11(A). (Emphasis added.) Thus, the legislature has

15

given us the tools as well as a mandate to address the issues of keeping dangerous criminals off the street, while balancing Ohio's financial deficits and an already overcrowded prison system.

**{¶59}** Based on the facts of this case, the three offenses of aggravated robbery are allied offenses of similar import, were committed with the same animus, and should have been merged for purposes of sentencing.

**{¶60}** I respectfully dissent.