[Cite as *State v. Hardrick*, 2017-Ohio-623.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**LAKE COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | | **CASE NO. 2016-L-049** |
| - vs - | : | |
| CHRISTIAN D. HARDRICK, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 2015 CR 001040.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077  (For Plaintiff-Appellee).

*Kenneth J. Lewis,* 1220 West 6th Street, #502, Cleveland, OH  44113  (For Defendant-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1}    Christian D. Hardrick appeals from the judgment of the Lake County Court of Common Pleas, sentencing him to two concurrent four year terms of imprisonment on two counts of aggravated robbery, to be served consecutive to two consecutive three year terms of imprisonment on two firearm specifications, for an aggregate term of ten years imprisonment.   Mr. Hardrick contends the trial court misbalanced the

seriousness and recidivism factors; that it should have merged the two counts of aggravated robbery for sentencing purposes; and that the terms of imprisonment for the firearms specifications should run concurrently. We affirm.

{¶2} About 11:30 a.m., December 1, 2015, Mr. Hardrick entered the Fifth Third Bank located at 28953 Euclid Avenue, Wickliffe, Ohio, carrying a handgun and a backpack. He pointed the gun at one of the tellers, and told her to give him all her money. She complied. He then pointed it at the other teller, repeating his demand. She complied as well. He then forced the women to the center of the bank, and made them lie face down, while he made his escape.

{¶3} Shortly thereafter, Mr. Hardrick turned himself into the Cleveland Police. He confessed his crimes, and was polite and cooperative when being questioned, periodically breaking into tears about the pain he had caused the tellers, and would cause his family. He told police he was on drugs, and committed the robbery because he had recently lost his job, and needed the money to support his four children.

{¶4} December 3, 2015, a complaint was filed against Mr. Hardrick in the Willoughby Municipal Court. December 4, 2015, Mr. Hardrick appeared in the Willoughby Municipal Court, and entered a plea of not guilty to the complaint. January 21, 2016, the Lake County Grand Jury returned an indictment in six counts against Mr. Hardrick: Counts 1 and 2 aggravated robbery, first degree felonies in violation of R.C. 2911.01(A)(1), with firearm specifications pursuant to R.C. 2941.145; Counts 3 and 4, kidnapping, first degree felonies in violation of R.C. 2905.01(A)(2), with firearm specifications pursuant to R.C. 2941.145; Count 5, having weapons while under

2

disability, a third degree felony in violation of R.C. 2923.13(A)(3); and Count 6, carrying concealed weapons, a fourth degree felony in violation of R.C. 2923.12(A)(1).

{¶5} March 14, 2016, Mr. Hardrick entered a written plea of guilty to each of the aggravated robbery counts, with their attendant firearm specification. The trial court memorialized the change of plea in a judgment entry filed March 16, 2016, noting the state would move to dismiss the remaining counts at sentencing. The trial court ordered a presentence investigation, and a victim impact statement.

{¶6} Sentencing hearing went forward April 19, 2016. By a judgment entry filed April 26, 2016, the trial court memorialized the ten year aggregate sentence previously referenced. The trial court further ordered Mr. Hardrick to pay restitution, costs, and any fines, and stated he was subject to five years of mandatory post release control.

{¶7} Mr. Hardrick timely noticed this appeal, assigning a single error: "The trial court erred and abused its discretion in failing to apply the merger doctrine when sentencing the defendant, Christian Hardrick."

{¶8} Mr. Hardrick advances three arguments in support of his assignment of error. The first is that the trial court misbalanced the seriousness and recidivism factors, R.C. 2929.12.

{¶9} Initially, we note our standard of review for felony sentences is provided by R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶9-23. That statute provides, in relevant part:

{¶10} "(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

3

{¶11} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

{¶12} "(a) That the record does not support the sentencing court's findings under * * * division * * * (C)(4) of section 2929.14, * * *;

{¶13} "(b) That the sentence is otherwise contrary to law."

{¶14} The *Marcum* court further held:

{¶15} "We note that some sentences do not require the findings that R.C. 2953.08(G) specifically addresses. Nevertheless, it is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court. That is, an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *Id.* at ¶23.

{¶16} In support of his argument the trial court misbalanced the seriousness and recidivism factors, Mr. Hardrick points out neither of the bank tellers involved in the robbery suffered physical harm. This is a mitigating factor regarding seriousness pursuant to R.C. 2929.12(C)(3). He also emphasizes he showed genuine remorse. He turned himself in to police; he cooperated fully with the investigation; he even wrote

4

letters of apology to the bank tellers. Genuine remorse is a mitigating factor regarding the likelihood of recidivism pursuant to R.C. 2929.12(E)(5).

{¶17} We must disagree the trial court misbalanced the seriousness and recidivism factors. The trial court fully acknowledged its belief in Mr. Hardrick's remorse. However, it pointed out he terrorized the bank tellers, forcing them to lie face down during his escape, while pointing a loaded gun at them. Causing serious psychological harm to a crime victim is an exacerbating factor regarding seriousness. R.C. 2929.12(B)(2). The trial court further observed Mr. Hardrick has a history of criminal convictions, another exacerbating factor regarding recidivism. R.C. 2929.12(D)(2). The trial court observed Mr. Hardrick committed this crime while on community control, another factor indicating likelihood of recidivism. R.C. 2929.12(D)(1). The trial court observed Mr. Hardrick had once been given intervention in lieu of conviction by the Cuyahoga County Court of Common Pleas, but had failed to complete the program, yet another factor indicating likelihood of recidivism. R.C. 2929.12(D)(3).

{¶18} This argument lacks merit.

{¶19} Next, Mr. Hardrick contends the trial court erred in failing to merge his two aggravated robbery convictions for sentencing purposes. R.C. 2941.25 controls the doctrine allied offenses. We review challenges to a trial court's failure to apply the doctrine, and merge convictions for sentencing purposes, de novo. *State v. May*, 11th Dist. Lake No. 2012-L-135, 2014-Ohio-4286, ¶11, citing *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, ¶12. R.C. 2941.25 provides:

{¶20} "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

{¶21} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

{¶22} Mr. Hardrick contends the two aggravated robbery charges should have merged for sentencing, being offenses of similar import, since he committed only one robbery, with one animus.

{¶23} In *State v. Jameson*, 11th Dist. Ashtabula No. 2014-A-0069, 2015-Ohio-4634, ¶11, we stated:

{¶24} " In *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, the Ohio Supreme Court set forth the standard for determining whether merger is apposite, holding that '(w)hen determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered.' *Id.* at syllabus. Recently, in *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, the Supreme Court clarified that two or more offenses may result in multiple convictions if any of the following are true: '(1) the offenses are dissimilar in import or significance—in other words, each offense caused separate, identifiable harm, (2) the offenses were committed separately, and (3) the offenses were committed with separate animus or motivation.' *Id.* at ¶25. 'Two or more offenses of dissimilar import

6

exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes o*ffenses involving separate victims* or if the harm that results *from each offense is separate and identifiable*.' *Id.* at paragraph two of the syllabus (emphasis added)." (Emphasis sic.)

**{¶25}** In this case, there were two separate victims – the bank tellers. Consequently, pursuant to *Ruff*, the trial court was without power to merge the aggravated robberies.

**{¶26}** This argument lacks merit.

**{¶27}** Mr. Hardrick's third argument is that, since the underlying predicate crimes to which he pleaded guilty run concurrently, so should the firearm specifications. As this writer recently stated:

**{¶28}** "The concept of a specification is to modify and enhance a criminal count. As a caboose must follow its train, a specification, likewise, cannot stand alone without its predicate offense. What occurred in this case is disharmonious as a specification cannot stand unsupported or de-coupled from a felony for purposes of sentencing as it is by itself not a separate crime but an enhancement to an existing crime. Appellant was charged with three counts which included three firearm specifications. However, because two counts were ordered to run concurrent with their predicate offenses, only two firearm specifications remained, not three." *State v. Fortune*, 11th Dist. Lake No. 2014-L-117, 2015-Ohio-4019, ¶42 (O'Toole, J., dissenting).

**{¶29}** The general rule is that a defendant may be imprisoned for only a single firearm specification. R.C. 2929.14(B)(1)(b). An exception to this rule is set forth at R.C. 2929.14(B)(1)(g), which provides:

{¶30} "If an offender is convicted of or pleads guilty to two or more felonies, if one or more of those felonies are aggravated murder, murder, attempted aggravated murder, attempted murder, aggravated robbery, felonious assault, or rape, and if the offender is convicted of or pleads guilty to a specification of the type described under division (B)(1)(a) of this section in connection with two or more of the felonies, the sentencing court shall impose on the offender the prison term specified under division (B)(1)(a) of this section for each of the two most serious specifications of which the offender is convicted or to which the offender pleads guilty and, in its discretion, also may impose on the offender the prison term specified under that division for any or all of the remaining specifications."

{¶31} Since Mr. Hardrick pled guilty to two felonies enumerated under R.C. 2929.14(B)(1)(g) – two counts of aggravated robbery – the division applies to his case. And since R.C. 2929.14(B)(1)(g) mandates that sentencing courts shall impose prison terms for the two most serious firearm specifications for which a defendant covered by the division is convicted – and that the sentencing court has discretion to impose further prison terms for other firearm specifications – appellate courts have *interpreted* the division as requiring the imposition of consecutive firearm specifications. *See. e.g.*, *State v. Nitsche*, 8th Dist. Cuyahoga No. 103174, 2016-Ohio-3170, ¶50-54. While this seems illogical, it is the interpretation courts apply, even though a plain reading of R.C. 2929.14(B)(1)(g) does not require imposition of consecutive terms.

{¶32} The assignment of error lacks merit.

{¶33} The judgment of the Lake County Court of Common Pleas is affirmed.


DIANE V. GRENDELL, J., concurs,

CYNTHIA WESTCOTT RICE, P.J., concurs in judgment only.