[Cite as *State v. McFarland*, 2014-Ohio-2883.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-L-061** |
| MICHAEL L. MCFARLAND, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas.
Case No. 12 CR 000569.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*J. Charles Ruiz-Bueno*, Charles Ruiz-Bueno Co., LPA, 36130 Ridge Road, Willoughby, OH 44094 (For Defendant-Appellant).


TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Michael L. McFarland, appeals his sentence by the Lake County Court of Common Pleas following his plea of guilty to two counts of sexual battery, in violation of R.C. 2907.03(A)(5). For the reasons that follow, we affirm.

{¶2} On September 6, 2012, appellee, the state of Ohio, filed an information alleging two counts of sexual battery. Both counts stated the following:

On or between the 5th day of May, 2010, and the 31st day of December, 2010, in the Township of Madison, Lake County, State of Ohio, one **MICHAEL L. MCFARLAND** did engage in sexual conduct with a minor female victim J.M., not the spouse of the said **MICHAEL L. MCFARLAND**, the said **MICHAEL L. MCFARLAND** being the natural parent of the minor female victim J.M.

The said minor female victim being less than thirteen (13) years of age, to wit: ten (10) years of age.

Various continuances were filed and the information hearing was set by the trial court for September 26, 2012.

{¶3} On September 26, 2012, appellant appeared before the trial court and entered a waiver of indictment and a written plea of guilty to both counts of the information. In his written plea of guilty, appellant acknowledged that his "counsel has explained to me the facts and circumstances surrounding my plea and the Court and my counsel have informed me of the charge[s] against me and the penalty provided by law for that charge[s]." The written plea of guilty outlined the range of possible prison terms for sexual battery. It also stated that "[i]f the court should choose to run all my sentences consecutively, the maximum term would be 16 years." Appellant stated that he understood the maximum penalty as to each count.

{¶4} Following appellant's waiver of indictment and guilty plea, the court moved directly to sentencing. At sentencing, a joint sentencing recommendation agreed to by appellant and appellee was introduced. However, there is no indication in the record that the joint sentence recommendation was ever reduced to writing. During the sentencing hearing, appellant's counsel stated:

[A]s indicated and as the Court is aware we do have a joint recommendation in this case for a prison term of twelve years which we do believe to be appropriate in this case, Your Honor, based on the facts and circumstances. We believe furthermore that

2

[the] joint recommendation takes into account what I believe is Mr. McFarland's genuine remorse for his actions here, Your Honor.

{¶5} The Court then proceeded to sentence appellant in accordance with the joint recommendation, stating:

> Based upon what the Court has heard, based upon the joint recommendation of both the State as well as Mr. McFarland's counsel and Mr. McFarland himself it is therefore the order of this Court that Michael McFarland shall be sentenced to the Lorain Correctional Institution on Count Number One for a period of, term of six years. On Count Number Two for a period of, term of six years. Those two are to be served consecutively so we'll have a total incarceration of twelve years.

{¶6} Appellant confirmed to the court that he understood he was being sentenced based "upon the joint recommendation of both sides and that was done in consideration for the plea to the information and the other information that has been put upon the record here."

{¶7} The record reflects that the court considered the purposes of felony sentencing, set forth in R.C. 2929.11; the seriousness of the crime and recidivism factors, contained in R.C. 2929.12(B); and whether consecutive sentences were appropriate, pursuant to R.C. 2929.14(D), before sentencing appellant in accordance with the jointly-recommended sentence.

{¶8} On November 17, 2013, this court granted appellant's pro se motion for leave to file a delayed appeal. Appellate counsel was then appointed for appellant.

{¶9} On appeal, appellant sets forth one assignment of error for review:

{¶10} "The trial court committed prejudicial error by sentencing Defendant-Appellant to an excessive term of imprisonment."

3

{¶11} Under this assignment of error, appellant argues the court failed to "punish the offender using the minimum sanctions that the court determines accomplish" the purposes of felony sentencing. Appellant further asserts the prison term is excessive because there are no facts that suggest he poses any threat to the public. Finally, appellant argues there was no evidence to support the trial court's finding that the victim suffered serious psychological damage warranting consecutive prison sentences.

{¶12} The trial court imposed a sentence that was jointly recommended by appellant and appellee. R.C. 2953.08(D) provides, in part: "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." "Where the record indicates that a defendant freely and knowingly entered into a plea agreement and a jointly recommended sentence, and the trial court imposes that sentence which is authorized by law, the sentence is not subject to appellate review." *State v. Lee*, 5th Dist. Muskingum No. 08-CA-70, 2009-Ohio-3423, ¶18. Appellant does not contend that he did not freely and knowingly enter into a plea agreement and a jointly-recommended sentence; rather, he challenges whether his sentence is authorized by law.

{¶13} In *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶19-22, the Ohio Supreme Court explained when a jointly-recommended sentence is authorized by law and cannot be appealed:

> We begin with the meaning of 'authorized by law.' The term is not defined in R.C. 2953.08. Several courts of appeals have held that a sentence is authorized by law within the meaning of the statute simply if the sentence falls within the statutory range for the offense.

4

We do not agree with such a narrow interpretation of 'authorized by law.' Adopting this reasoning would mean that jointly recommended sentences imposed within the statutory range but missing mandatory provisions such as postrelease control (R.C. 2929.19(B)(3)(c)) or consecutive sentences (R.C. 2929.14(D) and (E)), would be unreviewable. Our recent cases illustrate that sentences that do not comport with mandatory provisions are subject to total resentencing. Nor can agreement to such sentences insulate them from appellate review, for they are not authorized by law. We hold that a sentence is 'authorized by law' and is not appealable within the meaning of R.C. 2953.08(D)(1) only if it comports with all mandatory sentencing provisions. A trial court does not have the discretion to exercise jurisdiction in a manner that ignores mandatory statutory provisions.

* * * We conclude that when a sentence fails to include a mandatory provision, it may be appealed because such a sentence is 'contrary to law' and is also not 'authorized by law.'

Our holding does not prevent R.C. 2953.08(D)(1) from barring appeals that would otherwise challenge the court's discretion in imposing a sentence, such as whether the trial court complied with statutory provisions like R.C. 2929.11 (the overriding purposes of felony sentencing), 2929.12 (the seriousness and recidivism factors), and/or 2929.13(A) through (D) (the sanctions relevant to the felony degree) or whether consecutive or maximum sentences were appropriate under certain circumstances. [Citations omitted.]

{¶14} Accordingly, appellant's sentence is only authorized by law if it comports with all mandatory sentencing provisions. If the trial court complied with all the necessary statutory provisions regarding felony sentencing, appellant's sentence, in accordance with the joint recommendation, is not subject to challenge on appeal and will be upheld.

{¶15} Appellant pled guilty to two counts of sexual battery, in violation of R.C. 2907.03(A)(5). The violations of R.C. 2907.03(A)(5) in this case were felonies in the second degree due to the fact that the victim was ten years of age when the incidents of abuse occurred. R.C. 2907.03(B). The trial court was required to sentence appellant to

5

a prison term of two, three, four, five, six, seven, or eight years on each of the two counts contained in the information. R.C. 2929.14(A)(2). The trial court's sentence of six years on each of the counts is within the range required by R.C. 2929.14(A)(2). It is also the exact term of imprisonment agreed upon by both parties.

{¶16} Appellant argues that his sentence is not authorized by law because the "sentencing of two six year, consecutive, prison terms is excessive and contrary to law under [R.C. 2929.11(A)]." Appellant also argues that the sentence is not authorized by law because there is a low risk of recidivism. These arguments fail because the Ohio Supreme Court's decision in *Underwood* bars appeals that challenge a jointly-recommended sentence that comports with all mandatory sentencing provisions.

{¶17} The record demonstrates the trial court satisfied all the mandatory sentencing provisions, including those contained in R.C. 2929.11, R.C. 2929.12, and R.C. 2929.14. The trial court specifically stated:

> Let the record reflect that this Court has considered the overriding purposes and principles of felony sentencing set forth in 2929.11, those being to protect the public from future crime and others and to punish the defendant using the minimum sanctions that accomplish that purpose without imposing unnecessary burden on the state or local government resources. In determining the most effective way to comply with those purposes and principles this court has considered all the relevant factors, the need for incapacitation, deterrence, rehabilitation and restitution including the factors relating to the seriousness of Mr. McFarland's conduct, the impact this conduct has had upon the victim and the factors relating to the likelihood of Mr. McFarland's recidivism as set forth in [R.C.] 2929.12 and [R.C.] 2929.13, the lack of a criminal record for [appellant], the recommendations of both counsel, the fact that we have a joint recommendation, the letters that we have received from family members as well as friends and other comments that were made by the prosecutor, defense counsel and [appellant] himself.

In looking at [R.C.] 2929.12(B) and the factors to be considered in the most serious nature, this injury has, in my opinion, is exacerbated by the victim's age, it certainly has resulted in her suffering serious psychological harm and I would hope that whoever is in charge of her wellbeing sees that she gets counseling, counseling, counseling. She is going to need that desperately. The actions of [appellant] were facilitated by his relationship with his daughter, he's the parent and this is a domestic situation. And just as indicated early on and indicated through the plea there is a sexual battery and requires that there be a mandatory prison term as well as the sexual offender registration.

{¶18} Furthermore, the jointly-recommended sentence complied with R.C. 2929.14, which states:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

* * *

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

{¶19} The trial court's judgment entry in this case states:

Pursuant to R.C. 2929.14(C)(4) and R.C. 2929.19(B)(2)(b), the court finds for the reasons stated on the record that consecutive sentences are necessary to protect the public from future crime or to punish the [appellant] and are not disproportionate to the [appellant's] conduct and the danger the [appellant] poses to the public, and that at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two of more of the multiple offenses committed by the [appellant] was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of

7

conduct adequately reflects the seriousness of the [appellant's] conduct.

{¶20} In addition to the judgment entry, the transcript of appellant's sentencing hearing also reflects the trial court's reasoning for consecutive sentences. The record supports the trial court's conclusion that the multiple offenses perpetrated by appellant on his daughter caused her great harm and necessitated consecutive sentences. Additionally, we note that consecutive sentencing was the only possible way that the trial court could impose the jointly-recommended sentence of 12 years.

{¶21} Because appellant's sentence fully comported with all mandatory sentencing provisions and was recommended jointly by appellant and appellee, the sentence is not subject to review pursuant to R.C. 2953.08(D). "The General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is appropriate." *State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, ¶25.

{¶22} Accordingly, appellant's sole assignment of error is without merit.


DIANE V. GRENDELL, J.,

CYNTHIA WESTCOTT RICE, J.,

concur.

8