[Cite as *State v. Fortune*, 2015-Ohio-4019.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | CASE NO. 2014-L-117 |
| ERIC B. FORTUNE, JR., | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 14 CR 000202.

Judgment: Affirmed.

*Charles E. Coulson,* Lake County Prosecutor, and *Teri R. Daniel,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Charles R. Grieshammer,* Lake County Public Defender, *Vanessa R. Clapp,* Assistant Public Defender, and *Jamie L. Ganner,* Assistant Public Defender, 125 East Erie Street, Painesville, OH 44077 (For Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, Eric B. Fortune, Jr., appeals from the Judgment Entry of Sentence of the Lake County Court of Common Pleas, in which he was sentenced to an aggregate term of 19 years in prison for Aggravated Burglary, Felonious Assault, Kidnapping, Having Weapons Under Disability, and three firearm specifications. The issues to be determined by this court are whether a trial court

properly sentences a defendant to serve separate prison terms for three firearm specifications in the absence of analysis regarding whether they arose from the same act or transaction and whether trial counsel is ineffective by making statements at a plea hearing that could mislead the court in applying the law. For the following reasons, we affirm the judgment of the trial court.

{¶2} On February 13, 2014, a Complaint was filed against Fortune in the Painesville Municipal Court, asserting that he violated R.C. 2911.11(A)(2), committing Aggravated Burglary, a felony of the first degree. Fortune waived his preliminary hearing and the matter was bound over to the Lake County Court of Common Pleas.

{¶3} On April 25, 2014, Fortune was indicted by the Lake County Grand Jury on one count of Aggravated Burglary (Count One), a felony of the first degree, in violation of R.C. 2911.11(A)(2); two counts of Aggravated Robbery (Counts Two and Three), felonies of the first degree, in violation of R.C. 2911.01(A)(1); one count of Felonious Assault (Count Four), a felony of the second degree, in violation of R.C. 2903.11(A)(2); one count of Kidnapping (Count Five), a felony of the first degree, in violation of R.C. 2905.01(A)(2); and one count of Having Weapons Under Disability (Count Six), a felony of the third degree, in violation of R.C. 2923.13(A)(3). Each of the first five counts had a firearm specification, pursuant to R.C. 2941.145.

{¶4} A change of plea hearing was held on September 22, 2014. At the hearing, the State described the parties' plea agreement, which included an agreed-upon 19-year prison term in exchange for Fortune entering a plea to Counts One, Four and Five, as charged, with firearm specifications, and Count Six. The remaining counts were nolled. Following a discussion of the offenses and firearm specifications, the court

2

and counsel agreed that the maximum prison time faced by Fortune for the charges to which he pled was 42 years, of which the court informed Fortune. The court also inquired of counsel's opinion regarding whether it could sentence Fortune for all three firearm specifications to which he was pleading. Counsel agreed that Fortune could be sentenced for each of the firearm specifications, with defense counsel noting, "[t]hat's the way I've read the case law in the Eleventh District."

{¶5} At the plea hearing, the State described the facts which would have been proven at trial. Pursuant to the explanation, Fortune entered the home of the victims and struck one victim on the head with a handgun. Another victim was held at gunpoint and prevented from leaving her home.

{¶6} On September 24, 2014, a Written Plea of Guilty was filed, which included the terms discussed at the plea hearing. On September 25, 2014, a Judgment Entry was filed, memorializing the plea.

{¶7} A sentencing hearing was held on October 27, 2014. The court ordered that Fortune serve five years in prison each on Counts One, Four, and Five, and 18 months on Count Six. The sentences for Counts One and Four were concurrent with each other and consecutive to Count Five. Count Six was concurrent with the aforementioned counts. The court also ordered that Fortune serve three years on each of the three firearm specifications, to be served consecutively with each other and to the prison term on the other counts, for an aggregate term of 19 years.

{¶8} On October 30, 2014, a Judgment Entry of Sentence was filed, memorializing Fortune's sentence, in which the court noted the factors it considered and the basis for the consecutive sentences.

{¶9} Fortune timely appeals and raises the following assignments of error:

{¶10} "[1.] The trial court committed plain error when it failed to merge one of the three firearm specifications in violation of R.C. 2929.14(B)(1)(b) and the Double Jeopardy clauses of the United States and Ohio Constitutions.

{¶11} "[2.] The defendant-appellant was denied effective assistance of counsel in violation of the Sixth Amendment of the United States Constitution."

{¶12} In his first assignment of error, Fortune argues that it was improper for the trial court to sentence him to prison terms on all three firearm specifications.

{¶13} The State argues that the sentence is not subject to review since it was agreed upon and the court properly exercised its discretion to sentence Fortune to prison terms on all three specifications.

{¶14} Pursuant to R.C. 2953.08(D)(1), "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." We must decide then, whether Fortune's prison term for the firearm specifications, the only part of the sentence he challenges, was "authorized by law." "[A]ppellant's sentence is only authorized by law if it comports with all mandatory sentencing provisions. If the trial court complied with all the necessary statutory provisions regarding felony sentencing, appellant's sentence, in accordance with the joint recommendation, is not subject to challenge on appeal and will be upheld." *State v. McFarland*, 11th Dist. Lake No. 2013-L-061, 2014-Ohio-2883, ¶ 14; *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 19-22. If Fortune's sentence was not authorized by law "then R.C. 2953.08(D)(1) does not limit our review

4

and we can consider the full range of possible sentencing errors." *State v. Price*, 11th Dist. Trumbull No. 2013-T-0088, 2015-Ohio-944, ¶ 15.

{¶15} Fortune concedes that the trial court was permitted to order him to serve sentences for two firearm specifications, as required by R.C. 2929.14(B)(1)(g), but argues that it erred in sentencing him to a term for a third specification. This is based on his contention that the third specification should merge, since the felonies were "committed as part of the same act or transaction," pursuant to R.C. 2929.14(B)(1)(b).

{¶16} While Fortune asserts that the issue here is one of merger and that a plain error analysis should apply, we note that this matter turns upon the correct application of a statute providing that multiple prison terms for certain firearm specifications can be served consecutively. This is an issue of law, reviewed under a de novo standard of review. *State v. Elder*, 11th Dist. Lake No. 2014-L-001, 2014-Ohio-4312, ¶ 43. Provided that statute applies, it is unnecessary to conduct an analysis of whether the offenses should merge, as will be explained further.

{¶17} In the present case, Fortune pled guilty to three firearm specifications. R.C. 2929.14(B)(1)(b) provides: "If a court imposes a prison term on an offender under division (B)(1)(a) of this section [providing sentences for firearm specifications], * * * [e]xcept as provided in division (B)(1)(g) of this section, a court shall not impose more than one prison term on an offender under division (B)(1)(a) of this section for felonies committed as part of the same act or transaction." As noted within that provision, however, R.C. 2929.14(B)(1)(g) provides an exception:

> If an offender is convicted of or pleads guilty to two or more
>
> felonies, if one or more of those felonies are aggravated

5

murder, murder, attempted aggravated murder, attempted murder, aggravated robbery, felonious assault, or rape, and if the offender is convicted of or pleads guilty to a specification of the type described under division (B)(1)(a) of this section in connection with two or more of the felonies, the sentencing court shall impose on the offender the prison term specified under division (B)(1)(a) of this section for each of the two most serious specifications of which the offender is convicted or to which the offender pleads guilty and, in its discretion, also may impose on the offender the prison term specified under that division for any or all of the remaining specifications.

{¶18} Under this provision, the sentencing court must impose a prison term for two specifications, which Fortune concedes was proper here, but may also choose to impose a term for remaining specifications. As stated in (B)(1)(b), the same act or transaction requirement does not apply under such circumstances. *State v. Lewis*, 11th Dist. Lake No. 2012-L-074, 2013-Ohio-3974, ¶ 102 ("As to the imposition of multiple three-year terms for firearm specifications, R.C. 2929.14(B)(1)(b) generally states that multiple terms are not permissible when the underlying felonies were 'committed as part of the same act or transaction.' However, R.C. 2929.14(B)(1)(b) also expressly provides that an exception to the foregoing general rule is set forth in division (B)(1)(g) of the statute."); *State v. Isreal*, 12th Dist. Warren No. CA2011-11-115, 2012-Ohio-4876, ¶ 73. While the court was not required to sentence Fortune to a third term of

6

imprisonment for the third specification, it was within its discretion to do so, since he pled guilty to multiple felonies, one of which was Felonious Assault.

**{¶19}** Based on this exception, courts have held that a sentence is permissible on a third specification, without considering whether the conduct was part of the same act or transaction. In *State v. Cassano*, 8th Dist. Cuyahoga No. 97228, 2012-Ohio-4047, the trial court sentenced the defendant on three firearm specifications. The appellate court rejected the argument that the specifications should have merged because they arose from a "continuous sequence of events." It held that, pursuant to R.C. 2929.14(D)(1)(g) [now (B)(1)(g)], the court was permitted to impose a sentence for each of the three specifications and the "same act or transaction" requirement did not apply. *Id.* at ¶ 32-34. *See State v. Clay*, 4th Dist. Lawrence No. 11CA23, 2013-Ohio-4649, ¶ 69-72 (the State did not err in ordering the defendant to serve separate terms for more than two firearm specifications pursuant to R.C. 2929.14(B)(1)(g), regardless of whether they were part of the same transaction); *State v. Price*, 10th Dist. Franklin Nos. 13AP-1085 and 13AP-1086, 2014-Ohio-4065, ¶ 11.

**{¶20}** The dissenting judge argues that the three separate sentences for the firearm specifications were improper because the sentences on two of the three underlying counts (Aggravated Burglary and Felonious Assault) were ordered by the trial court to run concurrently. The dissent contends that because two concurrent sentences were given on underlying crimes, "only two firearm specifications remained." No case law whatsoever is presented to support a conclusion that running sentences for underlying offenses concurrently would somehow eliminate a firearm specification or require a court to order concurrent sentences on the firearm specifications as well.

**{¶21}** Firearm specifications for three offenses were separately included in the Indictment. Fortune pled guilty to three underlying offenses, each of which had a specification, was convicted of all three offenses, and was sentenced on each of these offenses. While the court did order concurrent sentences on two of the three counts, the Ohio Supreme Court has unambiguously stated that "[t]he imposition of concurrent sentences is not the equivalent of merging allied offenses." *State v. Damron*, 129 Ohio St.3d 86, 2011-Ohio-2268, 950 N.E.2d 512, ¶ 17. Since none of the underlying offenses merged, it can hardly be argued that only two of the three specifications still "remained." Further, the applicable law in this case, R.C. 2929.14(B)(1)(g), does not require that a consecutive sentence be given on each underlying offense for all firearm specifications to be valid and for a defendant to receive separate sentences on each. Since the dissent's entire argument as to this issue is conclusory and unsupported by law, it carries no weight.

**{¶22}** Fortune cites two cases he contends are "remarkably similar" to the present case, in which the courts considered whether multiple firearm specifications were part of the same transaction. These cases, *State v. Harris*, 7th Dist. Jefferson No. 04 JE 44, 2006-Ohio-3520, and *State v. Marshall*, 8th Dist. Cuyahoga No. 87334, 2006-Ohio-6271, are inapplicable to the present matter. In both cases, the courts did not address the exception contained in R.C. 2929.14(B)(1)(g). A review of the version of R.C. 2929.14 in effect when those cases were decided shows that the (B)(1)(g) exception was not part of the statute at that time. Thus, the analysis in these cases is inapposite here and we adopt the reasoning of the cases cited above, in which the

8

courts specifically interpreted and applied the present statutory language. The court's sentence was authorized by law.

**{¶23}** Fortune also raises several arguments that his agreement to enter the plea was based upon improper statements and advisements made by both the court and his counsel regarding the consecutive nature of the three firearm specifications. Since similar arguments are raised in his second assignment of error, we will address this below.

**{¶24}** The first assignment of error is without merit.

**{¶25}** In his second assignment of error, Fortune argues that his trial counsel was ineffective.

**{¶26}** In evaluating ineffective assistance of counsel claims, Ohio appellate courts apply the two-part test enunciated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To reverse a conviction for ineffective assistance of counsel, the defendant must prove "(1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome of the proceeding." *State v. Madrigal*, 87 Ohio St.3d 378, 388-389, 721 N.E.2d 52 (2000), citing *Strickland* at 687-688. To show prejudice from counsel's deficient performance, "the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *State v. Bradley*, 42 Ohio St.3d 136, 143, 538 N.E.2d 373 (1989).

**{¶27}** Fortune first argues that counsel was ineffective by incorrectly stating to the court that he had informed his client that the three gun specifications would be

9

consecutive, as the court was only required to impose consecutive prison terms on two of the firearm specifications, as discussed above.

{¶28} The specific statement at issue occurred when the court inquired: "Well, in terms of the gun specs, I need to - - would they all be consecutive?" Defense counsel responded: "My client indicates he understood that, Your Honor." A review of the plea hearing transcript shows there was further explanation and discussion of this matter following that exchange. The court inquired of counsel the following: "I'm not sure if [the statute] means I can do all the gun specs consecutive or just two of them. Any opinion?" Defense counsel responded: "My understanding is you can do all of them," with which the State agreed.

{¶29} While Fortune contends that this statement provided a basis for his belief that the three terms were required, it indicates only that the court *could* do so, which is provided for in the applicable law. Both the court and defense counsel used the word "can," not "must." Thus, this statement should have created no belief in Fortune that the court was required to sentence him to terms on three specifications. This is true both for the purposes of whether the trial court erred (under the first assignment of error) and whether trial counsel was ineffective. Nonetheless, it is hard to argue that Fortune suffered any prejudice from either of the foregoing exchanges, since the court properly advised him that he was subject to a maximum of 42 years of imprisonment, which provided the basis for Fortune to agree to a sentence of 19 years, exactly the sentence he received.

{¶30} Fortune also argues that trial counsel was ineffective when he incorrectly advised the court that the number of victims supported the imposition of separate prison terms for the firearm specifications.

{¶31} The following exchange took place at the plea hearing while discussing whether Fortune could serve a sentence for each of the three firearm specifications:

> Defense counsel: My understanding is because we have separate victims, that would change - -
>
> Court: Well that's accurate, separate victims.
>
> Defense counsel: Right.
>
> Court: If there's separate victims.
>
> Defense counsel: Right.
>
> Court: I didn't know that. * * * I don't know the facts yet. I'm going to find that out. That's what we're here for. Okay. We will start here and I'll find out specific facts, and we'll go from there.

{¶32} Regarding Fortune's contention in his first assignment of error that these statements led to his plea based on an understanding that all firearm specifications must run consecutively, this exchange does not include a statement to that effect. There is also nothing in the record to indicate that the court ordered the prison term for the third specification based on this statement regarding separate victims. The court was permitted to impose a sentence for the third specification under (B)(1)(g), as thoroughly described above.

{¶33} Regardless of whether defense counsel, in his interrupted statement about separate victims, misadvised the court of the applicable law, no prejudice resulted. As noted above, the court did not appear to rely on such a statement in reaching its sentence. Moreover, Fortune received exactly the sentence agreed to with the State

11

and reached this agreement based on the potential 42 years he was properly advised he faced and the nolling of the additional charges.

{¶34} The second assignment of error is without merit.

{¶35} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas, sentencing Fortune to a prison term of 19 years, is affirmed. Costs to be taxed against appellant.


THOMAS R. WRIGHT, J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.


_____


COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

{¶36} I respectfully disagree and take umbrage with the tone of the majority regarding my dissenting opinion. This writer has no objection to the length of the sentence, nor the agreed sentence in general. However, the methodology used by the trial court appears to be incongruous.

{¶37} Appellant and his brother entered the home of Mr. Claudio and Ms. Freeman to confront Mr. Claudio about his threatening behavior towards appellant's brother's girlfriend. Appellant struck Mr. Claudio in the head multiple times with a handgun. Ms. Freeman was held at gunpoint and moved around the house by appellant's brother.

12

**{¶38}** Appellant was subsequently indicted and pled guilty to counts one (aggravated burglary), four (felonious assault), and five (kidnapping), all with firearm specifications. Appellant also pled guilty to count six (having weapons while under disability). Defense counsel indicated appellant could be sentenced for each of the three firearm specifications.

**{¶39}** At sentencing, the trial court ordered appellant to serve five years in prison each on counts one, four, and five, and 18 months on count six. The sentences on counts one and four were concurrent with each other and consecutive to count five. Count six was concurrent with the foregoing counts. The court also ordered that appellant serve three years on each of the three firearm specifications attached to counts one, four, and five, to be served consecutively with each other and to the prison term on the other counts, for an aggregate term of 19 years.

**{¶40}** On appeal, appellant asserts he was improperly sentenced on all three firearm specifications and his defense counsel provided ineffective assistance on this issue. Appellant concedes the trial court was permitted to order him to serve sentences for two firearm specifications as required by R.C. 2929.14(B)(1)(g). However, appellant contends the court erred in sentencing him to a term for a third specification, as counts one and four are concurrent with each other and consecutive to count five. Appellant argues the third specification should merge since the felonies were committed as part of the same act or transaction pursuant to R.C. 2929.14(B)(1)(b).

**{¶41}** Upon review, I find appellant's sentence violates the allied offenses provision of R.C. 2941.25, and the firearm specification sentencing guidelines under R.C. 2929.14(B)(1)(b).

13

{¶42} The concept of a specification is to modify and enhance a criminal count. As a caboose must follow its train, a specification, likewise, cannot stand alone without its predicate offense. What occurred in this case is disharmonious as a specification cannot stand unsupported or de-coupled from a felony for purposes of sentencing as it is by itself not a separate crime but an enhancement to an existing crime. Appellant was charged with three counts which included three firearm specifications. However, because two counts were ordered to run concurrent with their predicate offenses, only two firearm specifications remained, not three.

{¶43} A predicate offense is defined as "a crime that is a component of a more serious offense." itlaw.wikia.com "'The generic, contemporary meaning of a predicate offense "roughly correspond(s) to the definitions of (the crime)."'" *United States v. Rodriguez*, 711 F.3d 541, 554 (5thCir. 2013).

{¶44} This writer is aware of the Ohio Supreme Court precedent that "a firearm specification is a penalty enhancement, not a criminal offense [and that] [p]enalties for a specification and its predicate offense do not merge under R.C. 2941.25." *State v. Ford*, 128 Ohio St.3d 398, 2011-Ohio-765, paragraphs one and two of the syllabus. This writer agrees with the precedent in *Ford* as a specification is a penalty enhancement for the predicate offense. It is not a criminal offense unto itself. *Ford* dealt with whether discharging a firearm into a habitation and a firearm specification are allied offenses of similar import. *Ford* dealt with a separate fact issue whereby the gun specification was argued merged with its predicate offense that called for a dangerous weapon as an element of the offense. The majority is treating the specification like a

14

separate criminal offense and is basically sentencing appellant independently of any criminal offense using the penalty enhancement as a stand alone felony for sentencing.

**{¶45}** This writer is also aware that "'the purpose of R.C. 2941.25 is to prevent shotgun convictions, that is, multiple findings of guilt and corresponding punishments heaped on a defendant for closely related offenses arising from the same occurrence.'" *State v. Helms*, 7th Dist. No. 08 MA 199, 2012-Ohio-1147, ¶68, quoting *State v. Johnson,* 128 Ohio St.3d 153, 2010-Ohio-6314*,* ¶43, citing *Maumee v. Geiger*, 45 Ohio St.2d 238, 242 (1976). The principles and purposes of sentencing under H.B. 86 provides: "[t]he overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender *using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources.*" R.C. 2929.11(A). (Emphasis added.) Thus, the legislature has given us the tools as well as a mandate to address the issues of keeping dangerous criminals off the street, while balancing Ohio's financial deficits and an already overcrowded prison system.

**{¶46}** Appellant was sentenced concurrently and consecutively to an agreed term of incarceration. The presumption in Ohio is that sentencing is to run concurrent. "When it comes to sentencing a defendant with multiple convictions, the judge usually has a choice to order the sentence on each conviction to run 'concurrently' or 'consecutively.' This decision could make the difference of many years in prison. A consecutive sentence (also called a 'cumulative' sentence) is when a defendant has been convicted of more than one crime, usually at the same trial, and the sentences for each crime are 'tacked' together, so that sentences are served one after the other. * * *

15

A concurrent sentence is when sentences on more than one crime 'run' or are served at the same time, rather than one after the other." criminal.lawyers.com/criminal-law-basics/how-do-multiple-convictions-affect-my-sentence.

{¶47} "It will take a courageous judge not to 'max and stack' every sentence in multiple-count cases." *State v. Hairston*, 118 Ohio St.3d 289, 2008-Ohio-2338, ¶31 (Lanzinger, J., concurring).

{¶48} "[A]ny felony that involves a firearm may be charged with a gun specification added. A gun specification is simply an 'add-on' to an underlying criminal charge." ohiogunlawguide.com.

{¶49} At the change of plea hearing, the trial judge revealed his confusion on the firearm specification sentencing issue by asking for opinions from counsel whether he could do all three specifications consecutively or just two of them. Defense counsel and the trial judge incorrectly stated that the number of victims controls whether consecutive sentences can be administered. Appellant's agreement to the 19-year sentence was predicated on the mistaken belief that all three sentences on the firearm specifications must run consecutively to one another, when, in fact, the court is only required to impose a sentence on two.

{¶50} While firearm specification sentences imposed pursuant to R.C. 2929.14(B)(1)(a) are mandatory and generally run consecutively, R.C. 2929.14(B)(1)(b) provides an exception and states in part:

{¶51} "If a court imposes a prison term on an offender under division (B)(1)(a) of this section * * * [e]xcept as provided in division (B)(1)(g) of this section, a court shall not

16

impose more than one prison term on an offender under division (B)(1)(a) of this section for felonies committed as part of the same act or transaction."

{¶52} The exception in R.C. 2929.14(B)(1)(g) deals directly with the circumstances present in this appeal and states in part:

{¶53} "If an offender is convicted of or pleads guilty to two or more felonies, if one or more of those felonies are * * * felonious assault * * * and if the offender is convicted of or pleads guilty to a specification of the type described under division (B)(1)(a) of this section in connection with two or more of the felonies, the sentencing court shall impose on the offender the prison term specified under division (B)(1)(a) of this section for each of the two most serious specifications of which the offender is convicted or to which the offender pleads guilty and, in its discretion, also may impose on the offender the prison term specified under that division for any or all of the remaining specifications."

{¶54} Because appellant was convicted of three separate felonies carrying identical firearm specifications, one of which was felonious assault, the trial court was required under R.C. 2929.14(B)(1)(g) to impose a prison term for the "two most serious specifications." Since each firearm specification carried a three-year mandatory sentence, the court was required to impose two three-year mandatory sentences upon appellant. The court was not required to sentence appellant consecutively on all three firearm specifications. As stated, a specification cannot stand alone. What occurred in this case is disharmonious as a specification cannot be unsupported or de-coupled from its predicate offense.

17

{¶55} The trial court ran the underlying sentences on counts one and four concurrent with each other and consecutive to count five. While the court was correct in running two of the specifications consecutive to another in compliance with R.C. 2929.14(B)(1)(g), it was not required to impose the third firearm specification. Instead of running the sentences consecutively, the court should have exercised its discretion under R.C. 2929.14(B)(1)(b) and ordered the third firearm specification to be served with the first two since the felonies were committed as part of the same act or transaction, and the third specification cannot stand alone.

{¶56} The record establishes that appellant and his brother entered the victims' home to commit a felony. As stated, appellant struck Mr. Claudio in the head multiple times with a handgun. Ms. Freeman was held at gunpoint and moved around the house by appellant's brother. Appellant's intent on entering the home was to threaten Mr. Claudio with violence. Although the kidnapping of Ms. Freeman was not part of the original plan, all of the acts committed by appellant and his brother were done with the main purpose of scaring and committing a felonious assault upon Mr. Claudio. Thus, the events at issue involve a single act or transaction. Therefore, as addressed, this humble writer asserts it is error to have the third firearm specification stand alone.

{¶57} For the foregoing reasons, I respectfully dissent.